UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FIFTY YEARS IS ENOUGH, *et al.*,

Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

Defendants.

Civil Action No. 01-0811
(PLF/JMF)

FILED

MAR 1 4 200_

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

MEMORANDUM OPINION

This case has been referred to me by Judge Friedman for discovery disputes pursuant to LCvR 72.2(a). Currently ripe for resolution is plaintiffs' Motion to Strike Portions of Federal Defendants' Reply. For the reasons set forth below, plaintiffs' motion to strike will be denied.

DISCUSSION

On December 11, 2001, the federal defendants moved pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56 to either dismiss or for judgment in their favor because "these Federal Defendants had no role or only a limited and indirect role in the incidents referenced in Plaintiffs' Complaint." Federal Defendants Motion to Dismiss or, in the Alternative, for Summary Judgement, As to Certain Claims, as to Certain Federal Agencies and Defendant's [sic] for a More Definite Statement at 1. The same defendants also moved to dismiss, or for judgment as a matter of law, as to plaintiffs' tort claims on the grounds that plaintiffs had not filed administrative claims. Finally, pursuant to Fed. R. Civ. P. 8(a) and 12(e), the federal defendants moved for "a more definite statement of the claim or claims asserted in their Complaint concerning the remaining Federal Defendants' purported violations of law." Id. at 2.

In an accompanying Memorandum of Points and Authorities, the federal defendants protested that, while plaintiffs were clear in their allegations against the District of Columbia and its police department, the complaint utterly failed to advise them of "what actions the federal agencies or their personnel took during this time period that are at issue." Federal Defendants' Memorandum of Points and Authorities at 18. They demanded that plaintiff be directed to file "an Amended Complaint that provides the Federal Defendants with notice of the claims being asserted against them so they can assess the merits of these claims and prepare an appropriate response." Id. at 19. Thus, while they cited Fed. R. Civ. 12(b)(6), the gravamen of their motion was that they were entitled to summary judgment based on the affidavits they submitted, indicating they did not participate in the activities of the Metropolitan Police Department about which plaintiffs complained.

In their opposition, plaintiffs mocked the federal defendants, stating that even though they did not understand plaintiffs' allegations, the federal defendants managed to answer those allegations by moving for summary judgment. Citing Fed. R. Civ. P. 56(f), they insisted they were entitled to discovery before the court ruled. Insisting that defendants' motion fell of its own weight, plaintiffs asserted that they were entitled to explore the federal defendants' claim of either no role or of a limited role in the incidents about which plaintiffs complained. In the alternative, plaintiffs then demanded that even a limited or indirect role on the federal defendants' part might be enough to permit the imposition of conspiratorial liability. Plaintiffs' Opposition to Federal Defendants' Dispositive Motion and Motion for More Definited Statement, and Plaintiffs' Motion Under Rule 56(f) ("P.'s Opp."), at 3.

Next, plaintiffs spoke to the federal defendants' motion for a more definite statement,

2

defending the sufficiency of the allegations in their complaint. Protesting that they could hardly be expected to be specific about meetings and events that the federal defendants kept secret, plaintiffs stated:

> However, the essence of the complaint is fairly presented: the federal defendants are alleged to have conspired in the coordinating and planning of the joint federal-local law enforcement response to the protesters (Complaint, ¶¶ 34-40), and that response is alleged to have been an unconstitutional strategy of disruption, carried out primarily by the MPD in the manner set out in the complaint.

P.'s Opp. at 3.

On February 25, 2002, the federal defendants replied and made a more specific argument as to the sufficiency of plaintiffs' allegations of a conspiracy between the federal defendants and the District of Columbia defendants. The federal defendants argued that the allegations of a civil conspiracy had to meet the demanding requirement of specificity and that plaintiffs' complaint utterly failed to do so. Federal Defendant's Reply at 7-9. The federal defendants, who initially sought a more definite statement, now specifically seek dismissal pursuant to Fed. R. Civ. P. 12(e) on the ground that plaintiffs had conceded that they could not state their claims with more specificity and could not meet the requirement that a claim of civil conspiracy be pled with specificity. Id. at 5.

## ANALYSIS

Plaintiffs have first moved to strike the federal defendants' argument that the complaint did not meet the demanding standards for pleading a conspiracy to violate civil rights.

However, under Fed. R. Civ. P. 12(f), a motion to strike will only lie if a pleading

contains redundant, immaterial, impertinent or scandalous matter. Makuch v. F.B.I., 2000 WL 915767, at *1 (D.D.C. January 7, 2000); FED. R. CIV. P. 12(f). Such motions are disfavored and some courts have indicated that parties may not attack briefs and motions in such a fashion.[1] By the same token, a court surely possesses the power to correct an imbalance when one party has raised new matter in a brief or memorandum of points and authorities. Makuch v. F.B.I., 2000 WL 915767, at *1 (D.D.C. January 7, 2000)(holding that the court possesses considerable discretion in disposing of a motion to strike).

Without putting too fine a point on it, and without suggesting in any way that counsel for the federal defendants did anything inappropriate, I see a subtle but important difference between the federal defendants' position in its initial motion and its position in its reply. In their motion, the federal defendants sought only an order requiring an amended complaint and did not specifically seek dismissal because the conspiracy allegations were insufficient on their face. In their reply, they "upped the ante" and sought dismissal, invoking for the first time a body of law they had not addressed in its motion. As a result, there is a slight but significant imbalance in the briefing since plaintiffs have not had an opportunity to address the argument the federal defendants made for the first time in their reply. The plaintiffs shall be permitted to correct the

---

[1] 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380, at 647-49 (2d ed. 2002 supp.); see Thomas v. Bet Sound-Stage Restaurant/ BrettCo., Inc., 61 F. Supp.2d 448 (D. Md. 1999)(motions are not pleadings, therefore, Rule 12(f) motion is inappropriate if directed at a motion); U.S. v. Crisp, 190 F.R.D 546 (D. Cal. 1999)(motion to strike is limited to pleadings); O'Connor v. Nevada, 507 F. Supp. 546 (D. Nev. 1981), *affirmed on other grounds*, 686 F.2d 749 (9th Cir. 1982)(motion to strike only concerns striking matters from pleadings and a motion to dismiss was not a pleading and could not be struck); Mahon v. City of Largo, Florida, 829 F. Supp. 377 (D. Fla. 1993)(a response to a motion is not a pleading and thus motion to strike is inappropriate).

imbalance by addressing that argument now.

I should note that there is a bit of judicial selfishness going on here. While I do not know if Judge Friedman shares my view, I have always found the case law pertaining to the sufficiency of conspiracy allegations in civil rights cases to be complicated and demanding. Surely no harm will be done by the parties speaking completely to that issue in such an important case. An attached order permits supplemental briefing on that issue based on the perception that it is fair to see the federal defendants as having made a "new" motion in their reply, engendering the rights of opposition and reply.

An Order accompanies this Memorandum Opinion.

JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: 03/14/03