# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLIANCE FOR GLOBAL JUSTICE, ET AL.,** <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA, ET AL.,** <br><br> Defendants. | Civil Action No. 01-0811 <br> (PLF/JMF) |

## MEMORANDUM ORDER

On August 20, 2003, I issued an Order establishing a new discovery plan. Rather than resolve discovery disputes, however, my Order sparked divergent interpretations and resulted in yet another round of briefs seeking clarification of the discovery plan to be followed. There are now four areas of confusion, each of which will be clarified - once and for all - by this Order. The issues are: 1) whether the limits regarding interrogatories apply to each side or to each party and how responses to those interrogatories ought to be structured; 2) whether the limits regarding requests for admission and document requests apply to each side or to each party and how the responses ought to be structured; 3) the status of pending discovery; and 4) the final schedule for implementing discovery.

As the parties have noted, establishing limits on interrogatories, requests for admission, and document requests is particularly complicated in this case because there are twenty-seven plaintiffs and eleven defendants. Given the disparity in numbers, achieving arithmetic parity is almost impossible. If limits are established for the parties as collective groups, one side is

advantaged. If limits are drawn for each individual party, the other side is advantaged. Therefore, I have attempted to develop a discovery plan under which all of the parties have ample opportunity to seek the information they need while placing some limits on what could become an unduly burdensome discovery process. I am also guided by the fact that the numerical dispute is, in some sense, academic because it is highly unlikely that one side would fashion twenty-five or fifty different interrogatories, requests for admission, and document requests for each of the parties on the opposing side. At that same time, it is equally unlikely that each of the parties on one side would create twenty-five or fifty different interrogatories, requests for admission, and documents requests to submit to each of their opponents. Therefore, limiting each side as a collective unit - while ensuring that each of the parties on the opposing side must provide responses - strikes a reasonable balance. Each side will have access to the information it wants without being able to promulgate hundreds of different interrogatories, requests for admissions, and document requests simply because there are multiple parties on each side.

As to the status of pending discovery, defendants have pointed out that they have already complied with plaintiffs' document requests but plaintiffs have not supplied responses to any of defendants' requests. Therefore, defendants seek clarification of whether the discovery plan of August 20, 2003 "voided" any previously issued discovery requests or whether it voided only the "outstanding-and-not-responded-to discovery" that did not conform with the numerical limits. At this point, there is nothing the Court can do about the fact that one side responded to previously issued discovery requests and the other did not. When plaintiffs failed to respond, they did so because they had concerns about the scope of their responsibilities. There is no evidence that they failed to respond in bad faith or in an attempt to further delay the discovery

2

process. Therefore, any discovery that has been conducted in the past will *not* be counted in the limits established by this Order. What is done is done. To revisit those issues would waste additional time and energy that should now be devoted to actually pursuing and complying with discovery, not quibbling over numerical limits. Therefore, *from this point forward*, each side will be held to the limits imposed by this Order, and each party will be held to respond as set out in this Order. As defendants concede, plaintiffs are relieved of any obligation to answer any outstanding discovery but must answer the discovery that will be propounded in accordance with this Order. As noted below, the discovery deadlines will be adjusted to accommodate the new discovery plan.

Therefore, upon consideration of the defendants' Motion for Clarification of the Magistrate Judge's August 20, 2003 Non-Dispositive Order, plaintiffs' opposition thereto, and defendants' reply thereto, it is, hereby,

**ORDERED** that my Order of August 20, 2003 is **VACATED**. It is further, hereby,

**ORDERED** that each side shall be allowed to notice up to thirty-five (35) depositions. It is further, hereby,

**ORDERED** that the defendants, collectively, may propound a total of fifty (50) interrogatories to the plaintiffs, collectively, and that each plaintiff shall individually answer those interrogatories. It is further, hereby,

**ORDERED** that the plaintiffs, collectively, may propound a total of fifty (50) interrogatories to the defendants, collectively, and that each defendant shall individually answer those interrogatories. It is further, hereby,

**ORDERED** that the defendants, collectively, may propound a total of twenty-five (25)

requests for admission and twenty-five (25) requests for production of documents. Each plaintiff must submit a response to each of the requests for admission and each of the requests for production of documents. It is further, hereby,

**ORDERED** that the plaintiffs, collectively, may propound a total of twenty-five (25) requests for admission and twenty-five (25) requests for production of documents. Each defendant must submit a response to each of the requests for admission and each of the requests for production of documents. It is further, hereby,

**ORDERED** that the discovery plan shall be amended such that all interrogatories shall be propounded within thirty (30) days from the date of the issuance of this Order. It is further, hereby,

**ORDERED** that the final phase of discovery shall be extended for one hundred and eighty (180) days from the date of the issuance of this Order. It is further, hereby,

**ORDERED** that defendants' Motion for Clarification of the Magistrate Judge's August 20, 2003 Non-Dispositive Order [#142] is **GRANTED in part** and **DENIED in part.**

    **SO ORDERED.**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: