# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **ALLIANCE FOR GLOBAL JUSTICE, ET AL.,**<br>    **Plaintiffs,**<br><br>    **v.**<br><br>**DISTRICT OF COLUMBIA, ET AL.,**<br>    **Defendants.** |

**Civil Action No. 01-0811
(PLF/JMF)**

## MEMORANDUM OPINION

Each time I review the parties' pleadings in this case and their remarkable attachments, I become more convinced that the parties have confused me with my wife. She is the second grade teacher who must quiet squabbling 8 year olds in the playground. I am certain that her students are much better behaved than the lawyers in this case. The simplest request of one lawyer to another breeds vicious name calling, recrimination, and outrage. In only this case would a request to consent to an enlargement of time breed 13 pages of email, each one nastier than the last. I wonder if these lawyers will be able to set a deposition schedule without my having to secure the assistance of the United Nations.

With that said, I now turn to the Motion of Defendants District of Columbia, Chief Charles H. Ramsey, and Terrence W. Gainer for an Enlargement of Time for the Parties to Complete Deposition Discovery.

In my order of December 31, 2003, I clarified "once and for all"[1] the confusion surrounding several discovery disputes between the parties. Memorandum Order, Dec. 31, 2003.

---

[1] Famous last words.

I set the final discovery deadline of June 28, 2004. Thus, the time for discovery has now closed.

The District Defendants seek an enlargement of time, up to and including September 28, 2004, for deposition discovery. Memorandum of Points and Authorities in Support of Motion of Defendants District of Columbia, Chief Charles H. Ramsey, and Terrence W. Gainer for an Enlargement of Time for the Parties to Complete Deposition Discovery at 1. Specifically, they seek more time to take the depositions of plaintiffs, which they and the Federal Defendants had jointly noticed to commence on May 27, 2004. Id. They do *not* seek an enlargement of time to propound additional written discovery. Id.

Plaintiffs consent to the proposed enlargement of time for discovery, but they oppose the idea of limiting the new discovery period to depositions only. Plaintiffs' Response to the District of Columbia's Motion for Enlargement at 1, 3. Instead, they believe that the enlarged discovery period should also apply to written discovery because, as of the date of the filing, both parties were attempting to respond to outstanding discovery requests. Id. at 3. Thus, plaintiffs want to keep open the possibility of propounding additional written discovery after the defendants respond to their written discovery requests because, until they receive these responses, they will not know what follow-up requests are necessary. Id.

Defendants' motion to enlarge the discovery period *for depositions* is granted. Clearly, all parties agree on this point.[2] As for plaintiffs' request to enlarge the time for written discovery,

---

[2] Plaintiffs argue that it would be unfair to allow defendants additional time to seek deposition discovery without allowing plaintiffs the opportunity to notice additional depositions after the receipt of outstanding written discovery, but in their reply, defendants reiterate that they sought an enlargement of time in which *both* parties could complete deposition discovery. Reply Memorandum by Defendants District of Columbia, Chief Charles H. Ramsey, and Terrence W. Gainer in Support of Their Motion for an Enlargement of Time for the Parties to Complete Deposition Discovery at 2.

they have not filed a motion seeking this relief. Instead, they merely identified the possibility of needing additional written discovery without identifying the nature and amount of that additional discovery. Therefore, I will defer ruling on this issue until it is properly presented. In this case, of all cases, I have no intention of going looking for trouble.

Finally, according to plaintiffs, defendants "further seek to bar plaintiffs from taking depositions of certain federal government agencies, a request to which plaintiffs cannot consent." Id. Plaintiffs are referring to defendant's statement in which they anticipated plaintiff's desire to notice additional depositions, subject to limitations in the court's November 7, 2001 order, which stated: "With the exception of document discovery, all discovery is stayed with respect to FEMA, the FBI, or the DEA. . . . " However, in their respective proposed orders, *both* plaintiffs and defendants included the following language: "[T]his extension of discovery is subject to the limitation set in the November 7, 2001 scheduling order, paragraph 5, excluding FEMA, the FBI, and the DEA from depositions." I will include such a restriction in the order granting the motion, and, if plaintiffs later wish to seek the depositions of officials within these agencies, they can seek leave to do so.

I note that what I have done could have been accomplished with a phone call between counsel and a one-page stipulated consent motion that read as follows: "The parties jointly move for an enlargement of time within which to complete discovery with the understanding that plaintiffs reserve the right to propound additional written discovery." These are the kind of motions I will consider. If counsel dare revert to their diatribes and incivility, I assure them that I will sanction them and quickly render them poorer and wiser. In fact, from this point on, I am ordering them to comply in all respects with the D.C. Bar Voluntary Standards for Civility in

Professional Conduct.  A word to the wise is sufficient.

An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

August 5, 2004