UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ALLIANCE FOR GLOBAL JUSTICE** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **DISTRICT OF COLUMBIA**, *et al.*, <br><br> Defendants. | Civil Action No. 01-0811 <br> (PLF/JMF) |

**REPORT AND RECOMMENDATION**

This case was referred to me by Judge Friedman for discovery. In a joint conference call to chambers and in a status hearing held on December 21, 2004, the parties informed the court that there is a dispute regarding outstanding discovery in this case. This report addresses that dispute.

**I.      Background**

Defendants complain that plaintiffs have failed to comply with Judge Friedman's order requiring them to respond to written discovery by November 15, 2004. Plaintiffs explain that they have complied with the majority of their discovery obligations, but they acknowledge that there are three groups of discovery responses that they have not yet produced: (1) documents from plaintiffs who voluntarily dismissed themselves from the case, (2) responses to document requests and interrogatories that have not yet been produced because of logistical problems, and (3) responses to accompany the documents that plaintiffs have already produced to defendants. Plaintiffs agreed to provide the second and third categories of documents and information to

defendants within one week of the status hearing, but they argued that the plaintiffs who had voluntarily dismissed themselves from the case had no obligation to provide further discovery responses, especially because they had already provided thousands of pages of documents to defendants.

Thus, the issue for the court is whether the plaintiffs who have voluntarily dismissed themselves from this case must respond to discovery requests that were served upon them while they were still parties to the case. At the outset, it is important to note that three organizational plaintiffs and one individual plaintiff have been dismissed from the case. As for the discovery requests served on the individual plaintiff, Justin Jones, the information sought is no longer relevant because Jones' individual claims have been dismissed. As for the discovery requested from the organizational plaintiffs, plaintiffs maintain that the information sought is cumulative because the two organizers, Holmes and Becker, have either been deposed or will be deposed.

Defendants argue, however, that the organizers are fact witnesses, not 30(b)(6) witnesses, and thus their depositions will not take the place of any discovery[1] served upon the organizational defendants because defendants want to ascertain the organizations' positions regarding various issues still being litigated. Accordingly, producing the organizers in lieu of the organizations is insufficient. In addition, although defendants acknowledge that the former plaintiffs could be served with Rule 45 subpoenas because the information they seek is clearly relevant to the case, it would be burdensome to require defendants to do so.

II.     **Legal Standards**

---

[1] The outstanding discovery includes interrogatories, document requests, and 30(b)(6) depositions.

On December 13, 2004, Judge Friedman issued a minute order granting plaintiffs Alliance for Global Justice, International Action Center, Mobilization for Global Justice, and Justin Jones' unopposed motion for voluntary dismissal.[2] The plaintiffs had moved for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a), which states, in pertinent part:

> (1) . . . [A]n action may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or . . . (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. . . .
> (2) Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper.

Fed. R. Civ. P. 41(a). In granting plaintiffs' motion, Judge Friedman did not specify any terms or conditions, although the parties had noted their disagreement as to whether the dismissed plaintiffs would be obliged to respond to the outstanding discovery requests.

Although the parties frame their current dispute as a discovery dispute, given the procedural history of this case, defendants' request is truly a motion for reconsideration of Judge Friedman's order granting the motion for dismissal without imposing any terms or conditions. In essence, defendants seek a ruling that certain terms and conditions (namely, that the plaintiffs must respond to outstanding discovery) are implicit in, or should be made part of, Judge Friedman's order. Accordingly, I will deem defendants' request a motion for reconsideration, and I will issue a Report and Recommendation to Judge Friedman concerning this issue.

As indicated above, Rule 41(a)(2) applies when defendants have already filed an answer

---

[2] After the motion was granted, 22 plaintiffs remained in the case.

or motion for summary judgment. At that point, plaintiffs may not unilaterally dismiss their claims, and they must seek an order of the court. In deciding whether to grant such motions, the court must focus "primarily on protecting the interests of the defendant." Teck Gen. P'ship v. Crown Cent. Petroleum Corp., 28 F. Supp. 2d 989, 991 (E.D. Va. 1998) (internal quotations omitted). Thus, courts should impose terms and conditions when granting motions for voluntary dismissals in order to "protect . . . defendant[s] from undue prejudice or inconvenience." Gossard v. Washington Gas Light Co., 217 F.R.D. 38, 40 (D.D.C. 2003) (quoting Collins v. Baxter Healthcare Corp., 200 F.R.D. 151, 152 (D.D.C. 2001)). In addition, a court should deny a motion for voluntary dismissal if such a dismissal "will inflict clear legal prejudice on a defendant." Id. (internal quotations and citations omitted). Legal prejudice includes "effort and expense in preparing for trial, excessive delay and lack of diligence in prosecuting the action, insufficient explanation for taking nonsuit, and the filing of motions for summary judgment." Piedmont Resolution L.L.C. v. Johnston, Rivlin & Foley, 178 F.R.D. 328, 331 (D.D.C. 1998) (citations omitted).

**III. Analysis**

Defendants' main concern is that the dismissal of the organizational plaintiffs–without the imposition of any conditions regarding outstanding discovery–prevents them from accessing information to which they are entitled via the interrogatories, document requests, and notices of 30(b)(6) depositions they served during the discovery period. Thus, the prejudice to defendants is not purely financial; it is the loss of relevant information and the burden of seeking the information they already demanded via other means, such as Rule 45 subpoenas.

In Ellis v. Merrill Lynch & Co., CIV. A. No. 86-2865, 86-3375, 1989 WL 149757 (E.D.

4

Pa. Dec. 6, 1989), the parties and the court agreed that the case needed to be dismissed because there was no longer a basis for federal court jurisdiction, and plaintiffs would pursue their claims in state court. However, the parties disagreed as to several consequences that would flow from that dismissal, including its effect on outstanding discovery. By the time plaintiffs moved to voluntarily dismiss their case, the discovery period had closed, but plaintiffs had not responded to defendants' discovery requests despite the fact that they had been timely served and despite a court order requiring them to do so. Plaintiffs argued that defendants would not be harmed by lack of discovery from plaintiffs because they could pursue discovery in an action that was pending in another court. Defendants complained that plaintiffs' motion to dismiss was "little more than a thinly disguised attempt to avoid . . . their obligation to comply with [the court's] discovery order." Ellis, 1989 WL 149757, at *3.

After considering the parties' arguments, the court granted plaintiffs' request for voluntary dismissal "provided that plaintiffs comply with conditions designed to prevent legal prejudice to defendants." Id. at *6. As one of the conditions, the court ordered plaintiffs to respond to defendants' outstanding discovery requests so that defendants would not have to duplicate their efforts to obtain discovery in another court. Id.

In the case at bar, the voluntary dismissal of Justin Jones, Alliance for Global Justice, International Action Center, and Mobilization for Global Justice will not end the case. Thus, even though defendants will not be faced with a similar lawsuit in state court, as were the defendants in Ellis, they are still in the process of defending the federal court action that was filed against them. Accordingly, permitting plaintiffs to avoid their discovery obligations would cause undue prejudice to the defendants, and conditions must be imposed on their voluntary dismissal

5

in order to protect their interests.[3]

It bears emphasis that plaintiffs, represented by sophisticated counsel, surely had to appreciate when they began this lawsuit that they would have to undertake significant discovery obligations. It is simply unfair to allow plaintiffs to walk away from these obligations when it appears that they have information pertinent to the case that they initiated and that defendants must continue to defend. Additionally, while I acknowledge that defendants could seek much of the information via other means, it is unfair to place this burden upon defendants when plaintiffs admittedly sought voluntarily dismissal to avoid complying with discovery and "before expending additional resources in ongoing protracted litigation, including attorney and judicial resources to adjudicate objections and privileges related to discovery." Mot. at 2.

Accordingly, I recommend that Judge Friedman vacate his minute order of December 13, 2004 and issue a new order voluntarily dismissing Justin Jones without any conditions[4] and voluntarily dismissing the organizational defendants with the condition that they respond to all discovery requests that were served prior to December 13, 2004. At that point, plaintiffs will be "free to reject" the terms of the court's conditioned grant of [their] motion. Gossard, at 42. Under Rule 41(a)(2), "a plaintiff has the choice between accepting the conditions and obtaining

---

[3] It should be noted that both the District and the federal defendants agreed to the voluntary dismissal of the organizational plaintiffs, but as they noted in the consent motion, they both "believe they are entitled to discovery production from these parties." Motion for Voluntary Dismissal of Plaintiffs Alliance for Global Justice, International Action Center, Mobilization for Global Justice, and Justin Jones; and for Removal of Steven Olson, Who Is Now Deceased, as a Class Representative ("Mot.") at 3. Thus, I am only considering whether certain conditions should be imposed on plaintiffs, and not whether plaintiffs are entitled to voluntary dismissal at all.

[4] As noted above, because Jones' individual claims have been dismissed, the information sought from this individual plaintiff is no longer relevant to the case.

dismissal and, if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." Id. (quoting GAF Corp. V. Transamerica Ins. Co., 665 F.2d 364, 367-68 (D.C. Cir. 1981).

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).**

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

February 7, 2005