UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALLIANCE FOR GLOBAL JUSTICE, *et al.*,

    Plaintiffs,

    v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 01-0811
(PLF/JMF)

## MEMORANDUM OPINION

This case was referred to me for the resolution of discovery disputes. Currently pending before me are the following two motions: <u>Defendant District of Columbia's Amended Motion for Protective Order</u> and <u>Plaintiff's Amended Motion to Compel the District of Columbia to Produce a Deponent on Behalf of the Municipal Defendant to Testify Based on the Collective Knowledge of the Municipal Defendant</u>. For the reasons discussed below, both motions will be granted in part and denied in part.

**I.    DISCUSSION**

Plaintiffs brought this lawsuit under 42 U.S.C. § 1983,[1] alleging that their constitutional rights were violated when they were arrested during demonstrations surrounding the World Bank's Spring 2000 meetings. The present dispute revolves around a Rule 30(b)(6) deposition notice that plaintiffs served on defendant, the District of Columbia ("the District"). Specifically,

---

[1] All citations to the United States Code or the District of Columbia Code are to the electronic versions available through Westlaw and Lexis.

plaintiffs seek deposition testimony under Rule 30(b)(6) based on the District's "collective knowledge" and relating to "1) the contents and findings of the investigation and report authorized by the District of Columbia Council into allegations of a practice of Constitutional violations in the policing of mass demonstrations and 2) the policies of the District of Columbia as relate to plaintiffs' claims, including but not limited to whether or not District of Columbia policy authorizes the arrest of individuals for the expressly decriminalized civil pedestrian infraction from which seven hundred members of the plaintiff class were arrested." <u>Memorandum in Support of Plaintiffs' Amended Motion to Compel the District of Columbia to Produce a Deponent on Behalf of the Municipal Defendant to Testify Based on the Collective Knowledge of the Municipal Defendant</u> (hereinafter cited to as "Pls. Mem.") at 5.

In response to the Rule 30(b)(6) notice, the District moved for a protective order that would relieve it of "any obligation to designate a witness who would purport to testify regarding the knowledge and views of the District of Columbia Council, and in particular, about an 'investigation' and 'report' generated by the Committee on the Judiciary of the District of Columbia Council." <u>Memorandum and Points of Authorities in Support of Defendant's Motion for Protective Order</u> (hereinafter cited to as "Def. Mem.") at 3. The District insists that the District's speech and debate statute, D.C. Code § 1.301.42, and the separation of powers preclude it from compelling the District of Columbia Council ("Council"), the legislative branch, to inform the defendant executive branch of the Council's knowledge and views. Defs. Mem. at 3-4. The District also argues that "[t]he 'investigation' and 'report' about which plaintiffs seek deposition testimony largely relates to demonstrations at times and locations other than the incidents that are the subjects of this litigation" and, therefore, the notice is overbroad, seeking irrelevant

2

information. Id. at 10.

### A. Legislative Immunity

Council activities within the legislative sphere are statutorily shielded from discovery. Specifically, section 1-301.42 of the District of Columbia Code, entitled "Legislative immunity," provides that, "[f]or any speech or debate in the course of their legislative duties, the members of the Council shall not be questioned in any other place." D.C. Code § 1-301.42. This statute, known as the District's speech and debate statute, was intended to be interpreted liberally so as to protect legislative activities "beyond the mere confines of the Council Chambers or a committee meeting place." Gross v. Winter, 876 F.2d 165, 174 (D.C. Cir. 1989) (citing Report on Bill No. 1-34, "Legislative Privilege Act of 1975," Comm. on the Judiciary & Criminal Law, Council of the District of Columbia at 3 (Dec. 4, 1975); Dominion Cogen, D.C., Inc. v. District of Columbia, 878 F. Supp. 258, 261 (D.D.C. 1995). The District's speech and debate statute was modeled on the United States Constitution's Speech and Debate Clause, U.S. Const. art. I, § 6. cl. 1, and, accordingly, case law interpreting the Speech and Debate Clause is pertinent to construing the District's analogous statute. Dominion Cogen, 878 F. Supp. at 261-63.

The primary purposes of the Speech and Debate Clause's legislative immunity is to insure the independent performance of the legislative function and to preserve the separation of powers. See Eastland v. U.S. Servicemen's Fund, 421 U.S. 491, 502 (1975). To that end, the Speech and Debate Clause confers on members of Congress "immunity for all actions 'within the 'legislative sphere,' even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes.'" Brown & Williamson Tobacco Corp. v. Williams, 62 F.3d 408, 415 (D.C. Cir. 1995) (quoting Doe v. McMillan, 412

3

U.S. 306, 312-13 (1973)). Specifically, the Speech and Debate Clause shields legislators from lawsuits relating to legitimate legislative activities, as well as from being compelled to testify or provide other discovery in lawsuits brought by or against third parties. Id. at 418. Indeed, "[a] litigant does not have to name members or their staffs as parties to a suit in order to distract them from their legislative work. Discovery procedures can prove just as intrusive." MINPECO, S.A. v. Conticommodity Servs., Inc., 844 F.2d 856, 859 (D.C. Cir. 1988).

In determining whether legislative immunity applies, the critical question is whether the action at issue was undertaken within the "legislative sphere." Id. at 860. Specifically, "the protection extends to activity which is 'an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters' within their jurisdiction." Dominion Cogen, 878 F. Supp. at 263 (quoting Gravel v. United States, 408 U.S. 606, 625 (1972)). "Among these activities is the acquiring of information, an activity that is a 'necessary concomitant of legislative conduct and thus should be within the ambit of the privilege so that [legislators] are able to discharge their duties properly.'" Id. (quoting McSurely v. McClellan, 553 F.2d 1277, 1286-87 (D.C. Cir. 1976). Accordingly, it has repeatedly been held that legislative investigations fall within the "legislative sphere" and, therefore, are shielded by the Speech and Debate Clause. See, e.g., Eastland, 421 U.S. at 504; Doe v. McMillan, 412 U.S. at 312; MINPECO, 844 F.2d at 860. To illustrate, "[t]he acts of authorizing an investigation . . . , holding hearings . . . , preparing a report . . . , and authorizing the publication and distribution of that report were all 'integral part(s) of the deliberative and communicative processes . . . .'" Doe v. McMillan, 412 U.S. at 312 (quoting Gravel, 408 U.S. at 625).

4

The issue presently before me is whether the District can be compelled to produce a Rule 30(b)(6) deponent to testify, based on the knowledge collectively held by the District, as a municipality, about the contents and findings of the Council's investigation and report on the policing of mass demonstrations and about the District's policies, such as policies relating to the arrest of individuals for civil pedestrian infractions.  On the one hand, plaintiffs assert that they sued the District as a municipality, not just the city's executive branch, and, therefore, they are entitled to a Rule 30(b)(6) deponent who is knowledgeable and can testify as to the collective knowledge of the municipality. Pls. Mem. at 6.  Plaintiffs appear to be arguing that this "collective knowledge" includes the knowledge and views of the Council. Pls. Mem., Exh. 1 at 15-23.  On the other hand, the District asserts that the Council is not a defendant to this lawsuit and that the separation of powers and the speech and debate statute preclude its executive branch from compelling the Council to help it prepare a Rule 30(b)(6) deponent to testify about the Council's knowledge and views. Defs. Mem. at 3-4.

Because "the District's Speech and Debate statute clothes D.C. City Council members with immunity from lawsuits – including § 1983 claims – for conduct undertaken in their legislative capacities," Dominion Cogen, 878 F. Supp. at 262 (citing Gross, 876 F.2d at 169), it would appear that the Council would not be a permissible defendant to this lawsuit.  However, this case was referred to me only for the resolution of discovery disputes and it is not necessary to determine whether the District defendant includes the Council to resolve the present discovery dispute.  Regardless of who is the defendant, the speech and debate statute shields from discovery the Council's knowledge and views of the report and of District policies.  Plaintiffs are seeking testimony relating to a Council investigation, which was conducted as part of the Council's

deliberative and legislative process. They also appear to be seeking testimony about the Council's understanding and interpretation of its own statutes. Both areas of testimony clearly fall within the "legislative sphere" and are shielded by the District's speech and debate statute. Therefore, to the extent that plaintiffs are arguing that the "collective knowledge" of the District includes the knowledge and views of the Council, plaintiffs are not entitled to such testimony. The fact that plaintiffs seek to obtain the Council's knowledge and views via a Rule 30(b)(6) deponent and disclaim any intention of directly questioning any Council member or staff is irrelevant. See Pls. Mem. at 26. By its very nature, a Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative so that he or she can testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity. Alexander v. Fed. Bureau of Investigation, 186 F.R.D. 137, 141 (D.D.C. 1998). That preparation would require the very type of intrusion into the Council's legislative activities that the speech and debate statute was intended to prevent. Accordingly, I will not compel the District to produce a Rule 30(b)(6) deponent to testify about the Council's knowledge and views.

However, asking a Rule 30(b)(6) representative of the District who is not a member of the legislative branch about the Council's publicly available report would not conflict with the speech and debate statute or invade the separation of powers. Therefore, to the extent that plaintiffs are seeking testimony about the executive branch's knowledge and understanding of the Council's report or its knowledge and understanding of District statutes, they would be entitled to such testimony. To illustrate, it would be perfectly legitimate to ask such a representative about information that the executive branch provided to the Council, whether the executive branch is aware of the Council's conclusions, and whether the executive branch agrees or disagrees with

6

those conclusions.  Such inquiry would not violate any legislative privilege.  Asking a District representative about action taken by the Council, about which the executive branch has knowledge, cannot possibly be equated with asking a member of the Council why the Council reached a certain conclusion.  Asking the District's representative for the executive branch's views as to the Council's findings, and what facts the District defendant will rely upon to support any disagreement with those findings, permits the plaintiffs to explore the defenses that will be asserted in this case.  Such discovery goes to the very heart of the case.  Similarly, asking the District representative about the executive branch's policies or its understanding and knowledge of District statutes as they relate to plaintiffs' claims would not infringe on the Council's legislative activities.  Accordingly, I find that the District must produce a knowledgeable witness for the plaintiffs to question about the executive branch's knowledge and views of Council's report and about District policy as it relates to plaintiffs' claims.  However, I will not require the District to produce a witness who is knowledgeable about the Council's knowledge and views of the same.

      **B.**      **The Relevancy of Other Demonstrations**

The District also argues that deposition testimony regarding the Council's report should not be permitted because the report dealt with other, irrelevant incidents, *i.e.*, demonstrations during the 2000 presidential inauguration and the September 2002 meeting of the International Monetary Fund and the World Bank. Defs. Mem. at 10-11.  In moving for a protective order, the District urges the Court to preclude any inquiry into those other demonstrations, which have bred separate lawsuits and are currently before other judges of this Court. Id.  The Council's report unquestionably dealt with the demonstration at issue in this case and inquiry as to that

demonstration is demonstrably relevant. That the report deals with other demonstrations hardly renders the section that deals with the demonstration at issue here an improper topic of inquiry. Moreover, plaintiffs specifically allege that the District has maintained a policy of disrupting targeted protests, including the other demonstrations discussed in the Council's report. Plaintiffs unquestionably have the right to inquire about all three demonstrations discussed in the Council's report in order to establish that the police behavior in all three demonstrations flowed from a District policy regarding the policing and handling of demonstrations. See Morris v. Wash. Metro. Area Transit Auth., 702 F.2d 1037, 1046 (D.C. Cir. 1983); 3 Martin A. Schwartz, Section 1983 Litigation: Federal Evidence § 2.11 (3d ed. 1999) ("Municipal liability may be based upon a persistent municipal custom or practice. Evidence of other similar acts may be highly probative to show such a custom or practice and is frequently admitted for this purpose."). See also Morgan v. District of Columbia, 824 F.2d 1049, 1064-65 (D.C. Cir. 1987) (where a fight between inmates was at issue, the court admitted evidence of a riot in a prison that occurred subsequent to that fight to evidence a policy of indifference to overcrowding).

## II. CONCLUSION

For the forgoing reasons, I will order the District to produce and prepare a Rule 30(b)(6) representative to testify about the Council's report and relevant District policies, but will not require the District to prepare that representative to testify about knowledge and views of the Council.

_____

JOHN M. FACCIOLA

Dated: UNITED STATES MAGISTRATE JUDGE