UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
ALLIANCE FOR GLOBAL JUSTICE, et al.,    )
                                        )
            Plaintiffs,                 )
                                        )
    v.                                  )    Civil Action No. 01-0811 (PLF)
                                        )
DISTRICT OF COLUMBIA, et al.,           )
                                        )
            Defendants.                 )
_____ )


MEMORANDUM OPINION AND ORDER

The Court referred this case to Magistrate Judge John Facciola for the resolution of discovery disputes. On June 15, 2006, Magistrate Judge Facciola issued a Memorandum Opinion and Order in which he granted in part and denied in part (1) the District of Columbia's amended motion for protective order (Docket 210); and (2) plaintiffs' amended motion to compel the District of Columbia to produce a Rule 30(b)(6) deponent based on the collective knowledge of the municipal defendant (Docket 214).

On June 29, 2006, the District of Columbia filed objections to the portion of Magistrate Judge Facciola's June 15 Order that denied, in part, the District of Columbia's motion for a protective order and, inferentially, also to his decision with respect to the motion to compel. Specifically, the District of Columbia seeks an order protecting it from any obligation to appoint a representative of the Executive Branch of the District of Columbia government to testify as to the views of the District of Columbia government specifically with respect to the "Report on Investigation of the Metropolitan Police

Department's Policy and Practice in Handling Demonstrations in the District of Columbia" generated by the Committee on the Judiciary of the District of Columbia Council.

The District of Columbia raises a host of constitutional and justiciability objections to Magistrate Judge Facciola's Order. It argues that Magistrate Judge Facciola's Order impermissibly resolves a non-justiciable political question, that it abridges the separation of powers doctrine, that it infringes the Speech and Debate Clause, that it lacks judicially discoverable and manageable standards, and that it risks embarrassment to the District of Columbia government and government officials because of the possibility of contradictory pronouncements by two separate branches of the government. In the Court's view, the District's objections are overblown.

Under Magistrate Judge Facciola's ruling, the Executive Branch of the District of Columbia government must produce one or more Rule 30(b)(6) witnesses for depositions -- probably more than one to effectively meet its obligations under the Rule -- to testify about the Executive Branch's policies, as they relate to plaintiffs' claims and its understanding and knowledge of the relevant District of Columbia statutes. Such representatives will be asked whether the Executive Branch has a policy of disrupting targeted protests, including the one at issue in this case, as well as two others discussed in the Council Committee's Report. As the Magistrate Judge pointed out, plaintiffs' unquestionably have the right to inquire about all three demonstrations in order to seek to establish that the police behavior in all three flowed from a District policy regarding the policing and handling of demonstrations; after all, plaintiffs have the burden of showing a custom or practice. To the extent that questions posed to the Rule 30(b)(6) witnesses ask

2

about the Executive Branch's views of and reactions to the report of the Council and the findings therein, so be it. As Magistrate Judge Facciola explained:

> Therefore, to the extent that plaintiffs are seeking testimony about the executive branch's knowledge and understanding of the Council's report or its knowledge and understanding of District statutes, they would be entitled to such testimony. To illustrate, it would be perfectly legitimate to ask such a representative about information that the executive branch provided to the Council, whether the executive branch is aware of the Council's conclusions, and whether the executive branch agrees or disagrees with those conclusions. Such inquiry would not violate any legislative privilege. Asking a District representative about action taken by the Council, about which the executive branch has knowledge, cannot possibly be equated with asking a member of the Council why the Council reached a certain conclusion. Asking the District's representative for the executive branch's views as to the Council's findings, and what facts the District defendant will rely upon to support any disagreement with those findings, permits the plaintiffs to explore the defenses that will be asserted in this case. Such discovery goes to the very heart of the case.

Memorandum Opinion at 6-7.

The Rule 30(b)(6) depositions will be about the policies and practices of the District of Columbia and its Police Department before, during and after the demonstrations, including the asserted refusal of the Chief of Police to take corrective action after he received the report of the Council's Judiciary Committee. Such depositions are perfectly appropriate. The constitutional and justiciability questions the District interposes are insubstantial. For all of these reasons, the Court concludes that Magistrate Judge Facciola's Memorandum Opinion and Order are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72; L.Civ.R.P. 72.2. Accordingly, it is hereby

3

ORDERED that the Defendant District of Columbia's Objections to the Magistrate Judge's June 15, 2006 Decision and Order are OVERRULED and its motion for reconsideration is DENIED; and it is

FURTHER ORDERED that the Magistrate Judge's Order of June 15, 2006 is AFFIRMED.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: August 18, 2006