# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ALLIANCE FOR GLOBAL JUSTICE, *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civil Action No. 01-811 (PLF/JMF)

## REPORT AND RECOMMENDATION

This case was referred to me for report and recommendation on plaintiffs' <u>Motion for Class Certification and Notice</u> (hereinafter "Pls' Mot.") [#15]. For the reasons stated herein, I recommend that plaintiffs' motion be granted as to class certification, but deferred until further proceedings as to the provision of notice to class members.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 13, 2001, the named plaintiffs filed a complaint against multiple governmental defendants alleging violations of their First, Fourth, and Fifth Amendment rights to assemble and engage in non-violent protests against the International Monetary Fund ("IMF") and the World Bank, as well as common law claims of false arrest and assault and battery. <u>See</u> Complaint at 5. In general, the named plaintiffs allege that, on April 15, 2000, near 20th Street N.W., between I and K Streets N.W., more than six hundred persons, including demonstrators and non-demonstrators, were surrounded, penned in, and then arrested by police officers without first being given an order to disperse. <u>Id.</u> at ¶¶ 88-94. The named plaintiffs allege that the arrestees

were then confined in harsh conditions, denied access to food and water, bathrooms, medication and telephones, and that they were deliberately misinformed about their right to post bond without waiving their right to contest their arrest. Id. at ¶¶ 102-03. The named plaintiffs further allege that defendants purposefully made these mass false arrests and took these actions for the purposes of discouraging them and others from asserting their constitutionally-protected rights to speech and to assemble. Id. at ¶¶ 95-96.

On October 30, 2001, the named plaintiffs moved this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to certify the following class:

> All persons who were detained and arrested on April 15, 2000, near the area of 20th Street, N.W. and I and K Streets, N.W. in connection with the protest against the Prison Industrial Complex during the IMF/World Bank demonstrations.

Pls' Mot. at 1. By the same motion, plaintiffs moved this Court for an order directing (1) defendants to provide to plaintiffs, within thirty days of the date of class certification, the name and current address of each class member or all documents or records in defendants' possession that would assist plaintiffs in determining the class member's current address, and (2) within thirty days from receipt of that information, plaintiffs to mail to class members the notice information required by Federal Rule of Civil Procedure 23(c)(2)(B). Id. at 1-2. Plaintiffs also request that the order direct class members to mail their responses to plaintiffs' counsel and that plaintiffs shall file those responses with the Court and serve copies on defendants. Id. at 2.

On November 26, 2001, defendants District of Columbia, Charles Ramsey and Terrence Gainer (collectively "District defendants") filed District Defendants' Reply to Plaintiffs' Motion for Class Certification (hereinafter "District Defs' Reply"). The District defendants do *not*

oppose plaintiffs' requested class certification, but do object to plaintiffs' requested production of information regarding potential class members. See District Defs' Reply at 1. Also on November 26, 2001, the remaining defendants[1] (collectively "Federal defendants") filed <u>Federal Defendants' Opposition to Plaintiff's Motion for Class Certification</u> (hereinafter "Defs' Opp'n"). The Federal defendants oppose both plaintiffs' requested certification and their proposed notice procedures. See Defs' Opp'n at 5, 14.

## DISCUSSION

### A. The Motion for Class Certification Should be Granted as Unopposed

Plaintiffs argue that their proposed class satisfies the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3). With respect to the four requirements set forth in 23(a), plaintiffs first argue that the class is so numerous that joinder is impracticable because the proposed class is composed of approximately six hundred to seven hundred persons. Pls' Mot. at 1. Second, plaintiffs argue that there are common questions of law and fact, including (a) whether defendants violated the class members' First and Fourth Amendment rights and their common law rights against false arrest and false imprisonment by detaining and arresting peaceful demonstrators and observers without lawful justification; (b) whether defendants subjected the arrestees to harsh conditions of confinement; and (c) whether defendants deliberately misinformed arrestees of their rights to post collateral and appear at a hearing to

---

[1] Plaintiffs have also sued the Drug Enforcement Agency, the Federal Bureau of Investigation, the Secret Service, the Federal Emergency Management Agency, the Bureau of Alcohol, Tobacco, and Firearms, the National Park Police, the National Park Service, the United States Capitol Police, and unknown federal agents in their individual capacity. Note that some of these defendants (the Drug Enforcement Agency, the Bureau of Alcohol, Tobacco, and Firearms, the Federal Emergency Management Agency, and the National Park Police) have since been dismissed. See Mar. 15, 2006 Stipulation of Dismissal.

contest the arrest. Id. at 1-2. Because the proposed class was "detained on the street at the same location as a group in one singular police action . . . [and was] arrested and taken into custody in the same singular police action at the same time and as a group, and [was] confined in common or similar harsh conditions," there are common questions of law and fact among the class. Id. at 2. Third, plaintiffs argue that the claims of the class representatives are typical of the class. Id. Specifically, the named plaintiffs include representatives typical of the entirety of the class, including demonstrators, legal observers, bystanders, journalists, and union officials. See Complaint at ¶¶ 6-27. Fourth, plaintiffs argue that the class representatives and their legal counsel will fairly and adequately protect the interest of the class and that there is no evidence of any material conflicts of interest between the representatives and any member of the class. Pls' Mot. at 2.

The Federal defendants oppose class certification on all points. In essence, the Federal defendants insist that the inherent, individualized nature of plaintiffs' claims, *e.g.* whether there was probable cause to arrest each individual and what injuries that individual suffered as a result, precludes the proposed class's ability to meet the requirements of commonality, typicality, or predominance. See Defs' Opp'n at 5-6.

Events in this lawsuit have overtaken the Federal defendants' opposition. Also referred to me for report and recommendation was the Federal Defendants' Motion for Summary Judgment [#202]. Pursuant to that referral, I recently recommended to Judge Friedman that he (1) dismiss the complaint against the Federal defendants as non-justiciable, insofar as plaintiffs are seeking declaratory relief, and (2) hold in abeyance ruling on the validity of plaintiffs' claim that the Federal defendants be forced to expunge arrest and other records pertaining to the

4

demonstrators until after there has been a judicial determination as to whether their arrests were illegal. Alliance for Global Justice v. District of Columbia, No. 01-811, 2006 WL 2303105 (D.D.C. Aug. 9, 2006). If Judge Friedman adopts my recommendation, then the Federal defendants will no longer be parties in the liability phase of the case and, therefore, will lack standing to object to class certification for that phase of the case. Given that the District defendants have not opposed class certification and the Federal defendants may lack standing to object to class certification for the liability phase of the case, if Judge Friedman adopts my recommendation, then plaintiffs' motion will be rendered unopposed. Accordingly, I recommend that plaintiffs' motion for class certification be granted as unopposed.

I appreciate that the Federal defendants will remain parties to this lawsuit and would have strenuous objections to any order that would require the expungement of any records, generated by the arrest of the demonstrators and still maintained by the Federal defendants, pertaining to the demonstrators. See Federal Defendants' Reply to Plaintiffs' Opposition to Their Motion for Summary Judgment at 17-19 (insisting that the Federal Bureau of Investigation is required by statute to maintain records, that United States Secret Service has no records, that United States Capitiol Police has only records given to it by the District of Columbia and, in any event, plaintiffs cannot show any entitlement to expungement). Obviously, all of those objections would be preserved and need only be considered if plaintiffs first establish that they were illegally arrested. If plaintiffs' claims fail, the issues raised by the Federal defendants regarding those claims will not need not be addressed.

Moreover, the developments in this case are dynamic and, as the defendants concede, the Court may modify the composition of the class being certified as the case proceeds. The Federal

defendants, therefore, retain their right to argue that, however the class was defined for purposes of liability, it should be otherwise defined when the question of expungement of arrest and other records actually arises. Until then, there is, in my view, no reason to consider that question before liability has even been established.

B. **Notice Requirements**

The parties differ as to how notice should be provided to class members. Plaintiffs suggest that (1) defendants provide to plaintiffs, within thirty days of the date of class certification, the name and current address of each class member or all documents or records in defendants' possession that would assist plaintiffs in determining each class member's current address, and (2) within thirty days from receipt of that information, plaintiffs will mail the class members the notice information required by Federal Rule of Civil Procedure 23(c)(2)(B) at their own expense. Pls' Mot. at 1-2. Plaintiffs contemplate that class members will then mail their responses to plaintiffs' counsel, who will in turn file those responses with the Court and serve copies on the defendants. Id. at 2.

The District defendants reject this proposal insofar as it requires the District to provide anything and insists that "public documents created relating to the complained-of arrests (MPD arrest book printouts) suffice to provide the information necessary to accomplish notification of potential class members." District Defs' Reply at 2.

In my view, the best practical solution is to have the parties confer and file jointly a praecipe indicating the following: (1) to what extent discovery (formal or informal) has given the plaintiffs copies of the arrest records of the potential class members and to what extent those records disclose the (a) name, (b) address, (c) phone number, (d) Social Security number, and (e)

date of birth of the class members; (2) whether discovery has indicated that there are other records in the possession of the District, in addition to the arrest records, that would aid in locating potential class members; and (3) if there are such records and the District has not produced them, the District shall show cause in the praecipe why the District should not be ordered to produce them. If the District believes that there are no other records, other than arrest records, it shall so state in the praecipe. After such praecipe has been filed, Judge Friedman can assemble the parties to be heard on how and to whom notice should be provided.

## CONCLUSION

For the forgoing reasons, I recommend that the Court certify the following class for the liability phase of this case:

> All persons who were detained and arrested on April 15, 2000, near the area of 20th Street, N.W. and I and K Streets, N.W. in connection with the protest against the Prison Industrial Complex during the IMF/World Bank demonstrations.

Pls' Mot. at 1. I also recommend that the plaintiffs and District defendants be required to file, within ten days from an order adopting this recommendation, the praecipe just described regarding the provision of notice to class members. I further recommend that, at that point, Judge Friedman assemble the parties to determine how and to whom notice should be provided.

**Failure to file timely objections to the findings and recommendations set forth in this report may waive your right of appeal from an order of the District Court adopting such findings and recommendations. See Thomas v. Arn, 474 U.S. 140 (1985).**

_____
JOHN M. FACCIOLA
Dated:                                  UNITED STATES MAGISTRATE JUDGE