UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                            )
ALLIANCE FOR GLOBAL JUSTICE, et al.,   )
                                            )
       Plaintiffs,                          )
                                            )
  v.                                     )   Civil Action No. 01-0811 (PLF-JMF)
                                            )
DISTRICT OF COLUMBIA, et al.,          )
                                            )
       Defendants.                          )
_____)

MEMORANDUM OPINION AND ORDER

       This matter is before the Court on the Report and Recommendation of Magistrate Judge John M. Facciola relating to this now seven-year old case, which arises from mass demonstrations and arrests in conjunction with meetings of the International Monetary Fund and the World Bank during the week of April 14, 2000.  Reading the facts as described by Magistrate Judge Facciola is like "de ja vu all over again" for those who remember the anti-war demonstrations of the early 1970's, when thousands of demonstrators were arrested on a theory of "group" probable cause on the steps of the Capitol, in West Potomac Park, and on the streets of the District of Columbia, and when the judges of the Court of General Sessions (now the Superior Court) held court 24 hours a day until the protestors were processed and released.  In the end, however, no court and very few government officials accepted the notion that the arrest of so many could be constitutionally sustained when there was probable cause to believe that only certain specific individuals had engaged in illegal activity.  See generally, Dellums v. Powell, 566 F.2d 167 (D.C. Cir. 1977); Sullivan v. Murphy, 478 F.2d 938 (D.C. Cir. 1973); see also

Barham v. Ramsey, 434 F.3d 565, 574 (D.C. Cir. 2006) ("No authority supports the proposition that such an arrest, wholly lacking in particularized probable cause and almost certainly swallowing lawful bystanders, is constitutionally viable.").

This Court, of course, is prepared to accept yet another round of briefing on objections to Magistrate Judge Facciola's conclusions and to view the matter afresh under the standards of Rule 72 of the Federal Rules of Civil Procedure. But Magistrate Judge Facciola's assessment of the undisputed evidence in this case suggests that it is time to put this chapter behind us without further litigation – and to do so now. See Report at 4-7 (discussing the applicability of Barham v. Ramsey and Dellums v. Powell, *supra*, and noting that "[i]t is clear that, even if the Court were to accept as true the facts as presented by defendants, the arrests made in this case suffer from the same fatal flaw as those made in Barham – namely that there was no 'probable cause to arrest each of the [673] persons caught in the police sweep.'") (brackets in original).

Therefore, before proceeding to the task at hand – to review the Report and Recommendation – the Court urges the parties first to consider the following suggestion made by Magistrate Judge Facciola:

> I have one final recommendation that admittedly goes beyond the merits of the parties' motions. This case has been mired in paper and process for many years; it is possible that the passage of time has brought with it a change in the perspectives and goals of the parties – at the very least, it has brought with it a new mayor and administration. It therefore seems appropriate for the parties to engage in mediation to determine whether this litigation – now approaching its seventh anniversary – might be resolved in a manner beneficial to all of the parties.

> I therefore recommend that this Report and Recommendation be adopted without prejudice for a period of 45 days, during which time the parties are to enter into settlement discussions; if no settlement has been reached by then, I recommend that the parties be given an opportunity to object to the conclusions of this Report and Recommendation.

Report at 18.

Accordingly, the parties are directed to meet and confer and file a joint report with the Court on or before March 10, 2008 informing the Court whether they are willing to follow Magistrate Judge Facciola's suggestion to engage in mediation in an effort to resolve this litigation once and for all. In the event they are amenable to his suggestion, the parties shall jointly advise the Court in their March 10, 2008 joint report whether they prefer that the mediation or settlement discussions be conducted before Magistrate Judge Facciola, before a mediator appointed by the Court through the Circuit Executive's Office, or before a privately-retained mediator.

In the event that the parties do not accept Magistrate Judge Facciola's suggestion, the parties are hereby advised that no motions for extensions of time will be granted in relation to any objections to the report and recommendation filed by Magistrate Judge Facciola, barring a truly unforeseen and unforeseeable emergency. Any objections shall be filed on or before March 17, 2008. See Local Civil Rule 72. Any responses to any objections shall be filed on or

before March 24, 2008.  Again, no extensions of time will be granted barring truly *extraordinary* circumstances.

SO ORDERED.

/s/
PAUL L. FRIEDMAN
United States District Judge

DATE:  March 3, 2008