## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BENJAMIN BECKER,<br>et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civ. Action No. 01-CV-00811 (PLF)(JMF) |
| | ) | |
| v. | ) | |
| | ) | |
| DISTRICT OF COLUMBIA,<br>et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SETTLEMENT AGREEMENT BETWEEN DEFENDANTS DISTRICT OF COLUMBIA, FORMER CHIEF CHARLES H. RAMSEY, FORMER ASSISTANT EXECUTIVE CHIEF TERRANCE W. GAINER AND THE PLAINTIFFS, INCLUDING THE CLASS REPRESENTATIVES ON BEHALF OF THE CLASS AND CERTAIN INDIVIDUAL PLAINTIFFS WHO ADVANCE NON-CLASS RELATED CLAIMS

Class representatives Benjamin Becker, Brian Becker, Heather A. Chaplin, Carl Dillinger, Marsha Kay Dillinger, Ann Flener, Julie Fry, Isaac Henry Gitlen, Lawrence Holmes, James Erich Keller, Mitra Mohammadi, Patricia Doyle Mohammadi, Monica Moorehead and Sarah Sloan and the individual plaintiffs (individuals whose claims are unconnected to the mass arrest of the class and arise out of incidents at different dates and/or locations than the mass arrest) Elizabeth T. Butler, Adam Eidinger, Robert Fish, Kimberly Grier, Brian Edwards-Tiekert, Sasha Keller Wright, Seeds of Peace, Inc., and Charles R. Sippel have sued defendants District of Columbia, Charles H. Ramsey and Terrance W. Gainer (collectively the "Defendants"), in this matter, <u>Becker, et al. v. District of Columbia, et al.</u>, 01-CV-00811 (PLF)(JMF), asserting claims of constitutional violations pursuant to 42 U.S.C. § 1983, common law tort and personal injury claims, and seeking damages, declaratory and injunctive relief and attorneys fees and costs.

1

initials, on behalf of District Defendants _____

on behalf of plaintiffs _____

In reliance upon the representations contained herein, and in consideration of the mutual promises, covenants and obligations in this Agreement, and for good and valuable consideration, plaintiffs and defendants, through their undersigned counsel, agree and stipulate as follows:

## I.   Definitions and General Provisions

### A.   Definitions

1.      "Class" – All persons who were detained and arrested on April 15, 2000 near the area of 20th Street, N.W. and I and K Streets in connection with the protest against the Prison Industrial Complex during the IMF/World Bank demonstrations. The class was certified by Judge Paul L. Friedman on October 13, 2006 (Dkt. No. 250).

2.      "Class Administrator"  or "Administrator" – A firm to be chosen by agreement of the Class Representatives on behalf of the Class and the District defendants, or appointment of the court if they cannot agree, to administer the claims process. Any firm so chosen must specialize in such work.

3.      "Class Counsel" or "Plaintiffs' Counsel" – The counsel of record for the Plaintiffs and the Class. They are the Partnership for Civil Justice Fund, Carl Messineo and Mara Verheyden-Hilliard.

4.      "Class Members" – All persons within or encompassed by the definition of the Class.

5.      "Class Representatives" – Those Class Representatives identified in the Amended Complaint for Declaratory and Injunctive Relief and Damages, filed on or about April 10, 2003, with the exception of Steven R. Olson, deceased.

6.      "Claimant(s)" – Class members who actually file claims pursuant to the procedures set forth in this Agreement.

2

initials, on behalf of District Defendants _____

on behalf of plaintiffs _____

7.     "Class Settlement Fund" – Sum to be paid by the Defendant District of Columbia totaling **$13,302,500**, subject to reversion, which will be funded and/or distributed as further described in this Agreement. The Class Settlement Funds are for the resolution of the class claims and are separate and apart from the funds to settle the claims of Individual Plaintiffs who have advanced non-class claims on their own behalf. The settlement of claims of the non-class Individual Plaintiffs are funded separately and additionally and without use of Class Settlement Funds, as discussed further in Section II(B), below. The Class Settlement Fund is comprised of four components: Class Representatives' Funds, Claimants' Funds, Attorneys Fees and Costs Funds, and Notification and Administration Funds.

a)     "Class Representatives' Funds" – That portion of the Class Settlement Fund awarded and distributed to each of the 14 Class Representatives on an equal basis. The total amount of these funds shall be $700,000.

b)     "Claimants' Funds" – That portion of the Class Settlement Fund to be awarded and distributed to Class Members. The total amount of these funds shall be $9,180,000 subject to allocation, distribution and potential reversion as described further below.

c)     "Attorneys Fees and Costs Funds" – That portion of the Class Settlement Fund awarded as attorneys' fees and costs to Class Counsel. The total amount of these funds shall be $3,272,500.

d)     "Notification and Administration Funds" – That portion of the Class Settlement Fund to be used to compensate the Class Administrator and any third parties who may provide related services, to provide Class Members notification of the Settlement, to advertise or communicate notice, and to administer the Settlement

3

initials, on behalf of District Defendants
on behalf of plaintiffs

Agreement and distribution of funds. The amount of these funds is allocated at $150,000, as detailed further in Section II(A)(4) herein.

8.      "District Defendants" – The District of Columbia, Charles H. Ramsey in both official and individual capacities, and Terrance W. Gainer in both official and individual capacities.

9.      "Non-District of Columbia Defendants" – Any remaining defendants who are not District Defendants.

10.     "Department" or "MPD" – The District of Columbia Metropolitan Police Department.

11.     "Fairness Hearing" – The final hearing on the fairness of this Settlement Agreement, at which the Court will determine whether to grant Final District Court Approval. At the time of the execution of this Settlement Agreement, the parties have requested the fairness hearing to be scheduled to occur on June 30, 2010, subject to the Court's calendar and subject to rescheduling if necessary or appropriate.

12.     "Final District Court Approval" – The Order, following submission of this Settlement Agreement to the Court, by which the District Court grants final approval of the Settlement Agreement.

13.     "Individual Plaintiffs" – The individually named plaintiffs who are not Class Representatives. The claims of the Individual Plaintiffs are advanced by each Individual Plaintiff on his or her own behalf and not in any class representative capacity. Their claims are unconnected to the mass arrest of the class and arise out of incidents at different dates and/or locations than the mass arrest. The Individual Plaintiffs are Elizabeth T. Butler, Adam Eidinger, Robert Fish, Kimberly Grier, Brian Edwards-Tiekert, Sasha Keller Wright, Seeds of Peace, Inc., and Charles R. Sippel.

4

initials, on behalf of District Defendants ____

on behalf of plaintiffs ____

14.    "Parties" or "the Parties" – All parties to this Settlement Agreement, to include all Plaintiffs and all District of Columbia Defendants.

15.    "Plaintiffs" – Where the term "Plaintiffs" is used it refers to all Class Representatives, all class members who have not opted-out, and all Individual Plaintiffs.

16.    "Preliminary District Court Approval" – The Order, following submission of this Settlement Agreement to the Court, by which the District Court grants initial and preliminary approval of the Settlement Agreement.

## II. Monetary Relief

### A. Monetary Settlement for the Class, Class Representatives, Attorney's fees and Administration of the Class Fund

The class-wide monetary settlement is a total of $13,302,500, subject to reversion, which includes, the Class Representative Funds, the Claimants' Funds, the Attorney Fees and Costs Funds and the Notification and Administration Funds. The fund is broken down as follows:

1.  The 14 Class Representatives shall collectively receive a total of $700,000 ($50,000 per named Class Representative).

2.  Each member of the class (680 class members) shall receive compensation from the Claimants' Fund of $9,180,000 (subject to allocation, distribution and possible reversion of funds to the District), if a timely notice of claim and submission of proof of entitlement is submitted to and approved by the fund administrator in the following manner.

    i.  Should the participation rate be higher than 75% of eligible claimants (510 participating claimants), each claimant shall be allocated and awarded a pro-rata share

initials, on behalf of District Defendants
on behalf of plaintiffs

of Claimants' Funds. This will result in a payment to each of some measure less than $18,000.

ii. Should the participation rate be equal to or lower than 75% of eligible claimants (510 participating claimants), each claimant shall be allocated and awarded a pro rata share of Claimants' Fund, subject to a maximum of $18,000. Under nearly all circumstances, this will result in a payment to each of $18,000. The District shall receive reversion of unallocated Claimant Funds.

3. The Claimants' Fund of $9,180,000 is the ceiling on the District's payments to the class claimants.

4. The cost of administrating the funds and determining or adjudicating submitted claims is allocated to be $150,000. In the event that actual costs for Notification and Administration, including costs associated with determining class eligibility of any claimants whose identities and arrests are not reflected in law enforcement or government records, exceed the $150,000 allocation, the excess costs will be shared and paid for by the Claimants and the District of Columbia equally, on a 50-50% basis. The payments for such excess expenditures, if any, on behalf of Claimants shall be paid from within Claimants' Funds. Such payments on behalf of the District may be paid from reversion funds, or from the Settlement and Judgment fund, as may be determined by the District.

5. The attorney's fees and cost allocation is $3,272,500.

6. With respect to monetary relief, the notice and claim process shall provide individual class members with an opportunity to request exclusion, or to "opt out," from the Settlement Agreement. Opts outs on the monetary relief are allowed as may be approved by the court.

6

initials, on behalf of District Defendants _____

on behalf of plaintiffs _____

B.  **Monetary Awards for the Individual Plaintiffs (Non-Class Representatives)**

The Individual Non-Class Member Plaintiffs shall collectively receive a total of $425,000 as compensation. This amount is separate from, and in addition to, payments for the benefit of class members as reflected in the Class Settlement Funds.

C.  **Timing of Deposits by the District**

1.  D.C. Deposits Monies for Class-Wide Monetary Remedies (Class Representatives' Funds, Claimants' Funds, Notification and Administration Funds) and for All Attorney's Fees and Costs

The District of Columbia shall deposit funds into an escrow account to be administered by the Class Administrator in accordance with the timing and schedule set forth herein. The deposit of funds into the escrow account is distinct from the actual disbursement of funds from the escrow account to recipients.

1st Deposit: Within 45 days of the Preliminary District Court Approval, the District of Columbia will deposit the $150,000 constituting the Notification and Administration Funds.

2nd Deposit: Within 45 days of Final District Court Approval, or by September 30, 2010 if there is no final approval of the settlement, which ever comes first, the District will deposit the Class Representatives' Funds ($700,000), and 60% of the remaining Class Settlement Funds (including 60% of the amount allocated for attorney's fees and costs).

3rd Deposit. After Final District Court Approval, the District will deposit the remainder of the Claimant Fund and Attorneys Fees and Costs Funds (the balance left after the 1st and 2nd payments minus any reversion of Claimant Funds to the District) by September 1, 2011.

2.  Payments for the Individual Plaintiffs (Non-Class Representatives)

The settlements with the Individual Plaintiffs who are not Class Representatives shall be distributed within 45 days of final approval of the settlement (or at the election of the District prior to the final approval

7

initials, on behalf of District Defendants _____
on behalf of plaintiffs _____

upon receipt of a satisfactory full release and signed W9 form). These funds shall be made payable to the Partnership for Civil Justice Fund Trust Account.

D. **Timing of Distribution of Funds to Class Representatives, Fund Administrator, Claimants and Payment of Fees and Costs**

1. Upon Preliminary District Court Approval of the settlement, and upon deposit by the District, the $150,000 for Notification and Administration Funds shall be made available to the Class Administrator.

2. Plaintiffs and the Class Administrator shall petition the Court for authority to release funds to the Class Representatives, Claimants and Class Counsel.

3. However, no funds may be distributed to the Class Representatives, Class Members/Claimants or Class Counsel (attorney's fees and costs) without both Final District Court Approval of the settlement and the exhaustion of all appeals and any period of time in which an objector or challenger may seek review by way of a Writ of Certiorari to the U.S. Supreme Court.

4. In the event the settlement is not upheld on appeal or is reversed upon review by the U.S. Supreme Court, all funds (with interest) minus the spent administrative costs shall be returned to the District

III. Class-Wide Prospective Relief

A. **Changes to MPD Demonstration Policies and Practices**

1. Commencing not later than 120 days following the Court's final approval of settlement of this matter upon these terms, each District of Columbia Metropolitan Police Department ("MPD") officer will be required to take training on the Standard Operating Procedures

8

initials, on behalf of District Defendants _____
on behalf of plaintiffs _____

for Handling First Amendment Assemblies and Mass Demonstrations. The training records for this course will be preserved for a minimum of three (3) years.

2. Commencing not later than 120 days following the Court's final approval of settlement of this matter upon these terms, the MPD shall refer each police officer currently assigned, or assigned in the future, to responsibilities encompassing or related to the handling of First Amendment "mass demonstration" activities to the provisions of the First Amendment Rights and Police Standards Act of 2004, D. C. Official Code §§ 5-331.01, *et seq.* and the implementing rules that are posted on MPD's intranet site

3. Commencing not later than 120 days following the Court's final approval of settlement of this matter upon these terms, the MPD shall, through the MPD's website, make available to all persons inquiring regarding demonstration permits or related activities a copy of the statute and the rules implementing the statute and any forms governing First Amendment assembly plans.

4. In all situations in which, through mutual aid agreements or otherwise, the District of Columbia obtains the assistance of outside law enforcement agencies for demonstration related duties, the MPD shall brief outside agency commanders of the requirements of the MPD's Standard Operating Procedures for Handling First Amendment Assemblies and Mass Demonstrations and shall assign an MPD officer to each such outside agency unit.

5. The District of Columbia, through the Office of Attorney General, shall engage in communications with and respond to reasonable inquiries from class counsel, as to the status and/or completion and/or satisfaction of the obligations set forth in the subsection immediately preceding, "Changes to MPD Demonstration Policies and Practices."

9

initials, on behalf of District Defendants _____
on behalf of plaintiffs _____

6. The District of Columbia shall provide plaintiffs' counsel with a report that reflects the measures taken by the MPD to perform the requirements of paragraphs 1 through 5 above.

7. The District agrees to perform the requirements of paragraphs 1 through 5 above, for a period of no less than three years from the date of the last of the following events: Final District Court Approval; disposition of all appeals; denial of any appeal or petitions for writ of certiorari to the Supreme Court of the United States. The Plaintiffs do not have a right of enforcement more than three years from the aforementioned date.

8. Plaintiffs, through counsel, shall file a dismissal with prejudice at the end of the three year period measured from the date of the last of the following events: Final District Court Approval; disposition of all appeals; denial of any appeal or petitions for writ of certiorari to the Supreme Court of the United States.

B. **Expungement and Annulment of Arrests**

1. The District of Columbia shall begin the process of expungement of the Becker Class Representatives' arrest records and for those of the absent Class Members relating to the April 15, 2000 arrest within 45 days after the last of the following events: Final District Court Approval; disposition of all appeals; denial of any appeal or petitions for writ of certiorari to the Supreme Court of the United States.

2. The District of Columbia shall restrict access to the April 15, 2000 arrest records of the Becker Class Representatives and class members to the arrestees, their counsel, and counsel for any party in this case. This access should be limited to that reasonably needed for the prosecution or defense of the matters relating to the litigation of this case except in a case in which plaintiffs seek compensatory damages based on the emotional distress

10

initials, on behalf of District Defendants _____
on behalf of plaintiffs _____

arising from any subsequent arrest for which the arrest in this case is relevant to the emotional distress claimed from the subsequent arrest.

3. The District of Columbia shall consent to the entry of the following order: "The April 15, 2000 arrests of the Becker class representatives and class members are hereby declared null and void. In accordance with D.C. Code §16-802(i) each of the aforementioned is authorized to deny the occurrence of his or her arrest that day, without being subject to any penalty of perjury, fraud or other offense premised upon misrepresentation or deception in response to any inquiry, whether posed orally or in writing except in a case in which plaintiffs seek compensatory damages based on the emotional distress arising from that subsequent arrest for which the arrest in this case is relevant to the emotional distress claimed from the subsequent arrest. These rights accrue to the full benefit of any absent Becker class member regardless of whether an individualized entry of a nullification order (see paragraph 4, below) is entered. This Court shall retain jurisdiction of this case for the purposes of enforcing the rights of the Becker Class Representatives and Class Members under this paragraph."

4. The District of Columbia consents to the entry of the following order described in this paragraph. The Class Administrator shall assist with the preparation and mailing of these orders. Counsel for the Becker Plaintiffs will file with the Clerk of the Court, under seal, paper copies of draft orders, one for each Becker Class Representative or Claimant, bearing the case caption and stating as follows:

### ORDER

The arrest of [insert name, date of birth, and social security number] on April 15, 2000, in the District of Columbia is hereby declared null and void.

11

initials, on behalf of District Defendants ___
on behalf of plaintiffs ___

As provided in the Settlement Agreement of this case, [Mr. or Ms. insert last name] is authorized to deny the occurrence of his or her arrest that day.without being subject to any penalty of perjury, fraud, or other offense premised upon misrepresentation or deception in response to any query, whether posed orally or in writing.

In accordance with the law of the District of Columbia, see D.C. Code § 16-802, the effect of this relief "shall be to restore [Mr. or Ms. insert last name], in the contemplation of the law, to the status he or she occupied before being arrested or charged. No person as to whom such relief has been granted shall be held thereafter under any provision of law to be guilty of perjury or otherwise giving a false statement by reason of failure to recite or acknowledge his or her arrest, or charges, or trial in response to any inquiry made of him or her for any purpose."

So Ordered on this _ day of___ , 2010.

PAUL L. FRIEDMAN
United States District Judge

5. The District of Columbia will request the expungement of the April 15, 2000 arrest records of any Becker Class Representative or Class Member in the possession of the United States Government (including, but not limited to, the Federal Bureau of Investigation and the Department of Homeland Security), any state or local government (if known to the District of Columbia MPD) within thirty business days of the last of these events: entry of Final District Court Approval by this Court regarding all Plaintiffs' claims herein, disposition of all appeals; denial of any appeal or petitions for writ of certiorari to the Supreme Court of the United States.

6. The District of Columbia is to inform the Becker Class Representatives Class Members, through counsel, if they are unable to procure the expungement of the aforementioned's arrest records maintained by the United States government and/or other state or local law enforcement agencies (if known to the District of Columbia) for any reason. If they are unable to procure such expungement, the District of Columbia is directed to describe, in writing, the agencies that maintain records, the types of records maintained, the reasons

12

initials, on behalf of District Defendants
on behalf of plaintiffs

for the failure to expunge, and the steps taken by the District to have the records expunged.

7. The Metropolitan Police Department (MPD) shall, upon the commencement of its efforts to seek expungement of the records of the Becker Class Representatives and Class Members, provide the FBI and DHS with a list of class members whose arrest records are to be expunged. Upon receipt of the list, the FBI and DHS will be requested to expunge from its records and databases all records pertaining to the arrest on April 15, 2000 of individuals identified by the MPD.

8. To facilitate the expungement process, plaintiffs shall provide the full name, date of birth and social security number, where available, for each person whose records are to be expunged. This information will not be retained or used by agencies tasked with expungement for any other purposes, unless already in their possession.

9. Expungement of the arrest of Elizabeth Butler shall occur in the same manner as that for the class.

C. No opts outs for the equitable relief are allowed.

IV. Notice to Class Members and Potential Claimants

A. Notice shall be sent as soon as practical after Preliminary District Court Approval.

B. The Class Administrator shall send a copy of the Notice to Class Members and the Proof of Claim Form to all Class Members who can be identified through reasonable effort.

C. The Class Administrator shall send a copy of the Notice to Class Members and the Proof of Claim Form by first class mail to the last known address of each class member.

D. The Class Administrator shall undertake reasonable efforts, including through public records searches and use of the United States Postal Service address forwarding database, to

13

initials, on behalf of District Defendants _____

on behalf of plaintiffs _____

determine the current address of Class Members who fail to respond to initial notice or whose initial notice by first class mail is returned to sender by the U.S. Postal Service. Under such circumstances, and where such Class Member's current address is discernable, the Class Administrator shall additionally send a copy of the Notice to Class Members and the Proof of Claim Form by first class mail to the current address of such Class Member.

E.  A modified and shortened form of Class Notice shall be published by the Class Counsel and/or the Class Administrator in the *Washington Post* and in the *Washington City Paper*. The notice shall be published in the *Washington Post* once a week for two consecutive weeks, including at least once in a Sunday edition. The notice shall be published for two consecutive weekly editions of the *Washington City Paper*. The notice shall be published twice each in no less than three regional or national periodicals/media outlets to be selected by Class Counsel based on an expectation that the subject matter is either of general interest or corresponds to subject matter interests of the protestor or protest groups who, or whose constituents, participated in the demonstration that was subject to the April 15, 2000 mass arrest.

F.  The Class Administrator shall publish the full Notice on the Internet.

G.  During the Notice and Claim period, the Class Administrator shall provide periodic reports to Class Counsel as to the status and progress of the claim submission and administration process.

H.  The Class Counsel and/or Class Representatives shall also endeavor to publish or circulate announcements or shortened notices on web sites or e-mail lists of their selection, in efforts to reach Class Members.

initials, on behalf of District Defendants
on behalf of plaintiffs

I.   During the Notice and Claim period, the District of Columbia shall publish a link to the Notice to Class Members and Proof of Claim Form on the front page of the Metropolitan Police Department's web site (www.mpdc.org) and on the front page of the District of Columbia Government's web site (www.dc.gov).

V.  Deadlines for Submitting Claim Forms and to Request Exclusion or to Opt Out

A.   The Class Notice shall advise Class Members that they must file a claim form or request exclusion by a date certain, which date will be at approximately 90 days from the date the initial notices are sent out.

B.   The Class Notice shall advise that the court will exclude from the class, or allow to "opt out" from the class, any Class Member who so requests. Any Class Member wishing to "opt out" or be excluded must so request in writing, by letter postmarked or received in hand by the "opt out" or exclusion deadline.

C.   Any Class Member wishing to pursue a claim must file a Proof of Claim Form by the claims submission deadline in order to participate in the distribution of Claimants' Funds. Proof of Claim Forms must be postmarked or received in hand by the claims submission deadline.

VI. Class Member Objections

A.   Any Class Member who wishes to object to the terms of this Settlement Agreement shall be required, not less than 30 days prior to the Fairness Hearing, to submit a written statement to the Court, with copies to counsel, setting forth his or her objections. The statement shall contain the Class member's name, address and telephone number, along with a written statement of his or her objection(s) to the settlement Agreement and the reason(s) for the objection(s). Class Counsel and defense counsel shall each file a response to such objections at least 15 days prior to the Fairness Hearing.

15

initials, on behalf of District Defendants _____
on behalf of plaintiffs _____

VII.   Other General Provisions

1.  General Release: Plaintiffs shall fully release, forgive and discharge the District of

Columbia, its officers, agents and employees for all claims arising from or that could

have been asserted by plaintiffs and/or accepting class members as a result of the

allegations in the complaint under any theory of liability (including any request for

attorney's fees and costs in prosecuting this case including any discovery disputes),

including any such claims or lawsuits in any other proceeding or forum.

2.  In entering into this settlement, there is no admission of liability by the District

defendants or admission of any factual contentions that have been asserted by plaintiffs in

this litigation. The plaintiffs do not suggest or concede a lack of merit to their claims or to

any factual contention that has been asserted by plaintiffs in this litigation.

3.  Indemnification for Attorney's Fee Disputes: Plaintiffs' Counsel represents that: Certain

attorneys previously represented some of the individual plaintiffs in this matter prior to

class certification in 2006. That representation ceased in 2002 (Docket Entry No. 61)

(terminated for cause). Those prior counsel have made unspecified claims on the award

of fees in this case but have refused to provide any specific amount or claim despite

current Plaintiffs' Counsel's request. Plaintiffs' Counsel do not believe any entitlement to

fees exists by prior counsels.


In the interests of facilitating the resolution of this Settlement Agreement, Plaintiffs'

Counsel hereby agrees to defend against, and to satisfy and pay any consequential award

of attorneys fees and/or costs for services, if any, under any claims against the District of

16

initials, on behalf of District Defendants _____
on behalf of plaintiffs _____

Columbia defendants for fees or costs for services rendered to date in connection with this litigation by prior attorneys of record representing Plaintiffs.

The Defendants agree not to settle or pay any claims for fees or costs, if any, from any prior counsel without the consent of Plaintiffs' Counsel. Should the Defendants agree to settle or to pay any claims for fees or costs from any prior Plaintiffs' counsel without the consent of current Plaintiffs' counsel, Defendants agree that they will not seek indemnification or contribution from Plaintiffs' Counsel or Plaintiffs.

4. No Third Party Beneficiary Rights: No third party who is not an Individual Plaintiff or Class Member shall have any rights under the Settlement Agreement.

5. Non-Severability: The Parties do not intend this Agreement to be severable absent express written agreement by the Parties.

6. Duty to Defend the Agreement: The Parties and their counsel agree to defend the Settlement Agreement. Counsel for Plaintiffs may not undertake the representation of individuals opting out of the settlement or persons who wish to object to the settlement whether on monetary or equitable relief. Counsel for the District of Columbia Defendants shall take no positions contrary to, or inconsistent with, the terms of the Settlement Agreement.

7. Notice and Cure Provision: In the event of any alleged or actual systemic violation of the Settlement Agreement, the Plaintiffs through counsel shall provide written notice of such to the District of Columbia through counsel. The District of Columbia shall have 60 days

17

initials, on behalf of District Defendants

on behalf of plaintiffs

to remedy any systemic violation prior to plaintiffs seeking enforcement through a breach of contract claim.

8. Enforcement: Except for the right of expungement and for monetary payments as set forth in the Settlement Agreement, the remedy for enforcement is by way of a breach of contract claim subject to the notice and cure provision. The District Court retains jurisdiction for a period of three years over the expungement and monetary payment provisions to ensure compliance with the expungement and monetary payment terms.

9. Expiration of Agreement: This Settlement Agreement shall expire automatically within three years from the date of the last of the following events: Final District Court Approval; disposition of all appeals; denial of any appeal or petitions for writ of certiorari to the Supreme Court of the United States.

10. Suspension of discovery: Upon signing of this agreement Plaintiffs (and Plaintiffs' Counsel) and the District of Columbia Defendants (and their counsel) shall jointly suspend all pending discovery against each other in Becker v. District of Columbia.

11. Joint Motion for Preliminary Approval: Within two weeks of the signing of this Settlement Agreement, the Parties will file a joint motion for preliminary approval of the Settlement Agreement.

12. Class Eligibility and Qualification: It is the shared intent and objective that eligibility criteria and processes be effective to include all persons who fall within the class definition and to exclude from qualification any persons who were not arrested in connection with the April 15, 2000 mass arrest in the vicinity of 20th Street N.W., and K & I Streets, N.W.

18

initials, on behalf of District Defendants ____

on behalf of plaintiffs ____

The Class Representative on behalf of the Class and the District defendants acknowledge the possibility that persons genuinely subject to the underlying arrest will not be properly identified or documented in law enforcement records; and consequently seek to provide sufficient guidance to enable the Class Administrator to qualify individuals, in the potential presence of inaccurate or incomplete records, where such individuals where in fact subject to the underlying arrest.

The Class Administrator, in consultation with Class Counsel, shall develop processes for achieving these objectives, within and consistent with the following guidelines:

    a.  The Class Administrator or its designee shall be the determinator of the class eligibility of Claimants, consistent with the class definition approved by the Court in the advance and settlement of this action.

    b.  A Claimant shall be deemed eligible if his or her identity is reflected in a government or law enforcement or court record(s) as having been arrested in connection with the underlying class arrest.

        (i)  A government or law enforcement record is any record created or issued or maintained by a law enforcement agency, a government agency or court.

        (ii)  The record need not have been maintained in the exclusive custody of government, and can be constituted by a law enforcement or government or court receipt or record issued to the claimant in relation to the arrest or release.

        (iii)The record/form/item need not be strictly denominated as an "arrest record" in order to establish class qualification. For example, any of the following

19

initials, on behalf of District Defendants

on behalf of plaintiffs

records would be acceptable if they evidence identity and class membership: bus/van transport log; record of judicial release or processing; a property receipt or bag; citation release or post-and-forfeit form or record, etc.

(iv) If circumstances arise where an individual is identified as being arrested on the relevant day, but records are ambiguous or contradictory as to the location or circumstances of arrest as being consistent with the qualifying mass arrest, the Class Administrator is to provide Class Counsel and Defense Counsel the identity and any other pertinent information pertaining to the claimant and request in writing that counsels, upon independent review of their and law enforcement records, advise whether they possess any information related to the claimant's class membership.

c. The Class Administrator may develop processes or standards to qualify persons who are believed or determined by the Class Administrator to have, in fact, been subject to the underlying mass arrest but whose arrest is not properly or completely documented in law enforcement records, subject to and within the following guidelines:

(i) Where a Claimant attests to class membership, but the fact of his or her arrest is not documented in law enforcement records, the Class Administrator shall provide to Class Counsel and Defense Counsel the identity and any other pertinent information pertaining to the claimant and request in writing that counsels, upon independent review of their and law enforcement records, advise whether they possess any information related to the claimant's class membership.

20

initials, on behalf of District Defendants _____

on behalf of plaintiffs _____

(ii) Class qualification may be established where such individual can provide to the Class Administrator's satisfaction that he or she was, in fact, subject to the underlying class arrest through presentation of information and/or evidence. Such information or evidence is not intended to be strictly limited to any particular form or format, and may for example include photographic evidence of the claimant under arrest, but must be deemed sufficiently reliable and relevant for the Class Administrator to make a determination, which shall rest in the Class Administrator or designee's sole judgment.

(iii) In such circumstances, in addition to whatever other presentation he or she may make to the satisfaction of the Class Administrator, such Claimant shall be required to secure and submit sworn and notarized affidavits from two qualified Class Members attesting that each possesses personal knowledge, subject to penalty of perjury, that claimant was subject to the underlying mass arrest. For the purposes of this subsection, each of the two qualified Class Members shall be required to have been qualified based on their arrest being documented and manifest in law enforcement, government or court records.

d. The Class Administrator, working in conjunction with Class Counsel, may develop and implement additional criteria or standards for determining the eligibility of persons who were juveniles at the time of arrest.

e. The Class Administrator shall be required to maintain Claimant information and records in strict confidentiality, to be used solely for the purposes of class administration.

21

initials, on behalf of District Defendants _____

on behalf of plaintiffs _____

 f. The Class Representatives on behalf of the Class and the District defendants recognize that class identification data is reflected to certain partial extent in records from multiple sources, primarily in hard copy format, and that such data may need to be scanned, parsed, aggregated, de-duplicated, and organized in a meaningful manner or database to facilitate class member determinations. The Class Administrator is authorized to take whatever steps are necessary to undertake such efforts itself or through a third-party contractor. If a third-party information technologies contractor or firm is utilized, that contractor or firm will be required to agree in writing to maintaining all information in confidence and to return/destroy such data upon task completion.

13. Return of Documents: Plaintiffs shall return to the District of Columbia all documents and any copies thereof produced by the District of Columbia that are subject to a protective order, within 30 days of the termination of the case and the expiration of the period for any appeals or objections.

14. Amendments: With the consent of the Parties, additional provisions may be added to the Settlement Agreement to assure appropriate implementation and court approval.

15. Multiple Originals Acceptable: The Parties agree that multiple originals of this Settlement Agreement may be executed. The Parties' or counsel's signatures need not appear on the same signature page.

16. Non-District of Columbia Defendant Claims: This Settlement Agreement does not encompass nor encumber Plaintiffs' advance of claims against non-District of Columbia Defendants.

22

     initials, on behalf of District Defendants
       on behalf of plaintiffs

Signed and Agreed to by:

DATE: _1/8/10_

Peter J. Nickles
Attorney General for the District of Columbia
1350 Pennsylvania Ave. N.W.
Washington, D.C. 20001

DATE: _1/7/2010_

Carl Messineo (#450033)
PARTNERSHIP FOR CIVIL JUSTICE FUND
617 Florida Ave. N.W.
Washington, D.C. 20001
(202) 232-1180
*Counsel for Plaintiffs*

23

initials, on behalf of District Defendants
on behalf of plaintiffs