**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
Notice of Class Action, Proposed Class Settlement and Hearing
*Becker, et al., v. District of Columbia, et al.*, Case No. 01- CV-0811 (PLF)(JMF)

# If you were arrested on Saturday, April 15, 2000 in Washington, D.C. in connection with IMF / World Bank related demonstrations, you could receive up to $18,000 from a class action settlement.

- A settlement has been proposed in a class action lawsuit about the illegality of the arrests of approximately 700 protesters and other persons on Saturday, April 15, 2000 in Washington, D.C. Many of those arrested were detained between police lines on the street, moved onto busses for extended periods of time, were in custody at least overnight, and were restrained wrist-to-ankle with plastic "flexcuffs."

- The class is "all persons who were detained and arrested on April 15, 2000 near the area of 20th Street, NW and I and K Streets, Washington D.C., in connection with the protest against the Prison Industrial Complex during the IMF/World Bank demonstrations."

- The proposed settlement will provide up to $18,000 per class member in compensation. Attorneys fees will be paid separately and will not be deducted from this amount. In addition, the arrests of class members will be expunged and declared legally null and void. The D.C. Metropolitan Police Department has agreed to mandatory training of its officers and other measures to prevent recurrence.

- Your legal rights are affected whether you act, or don't act. **Strict deadlines will apply**.

| Your Legal Rights and Options in this Settlement: | |
|---|---|
| **Submit a Claim Form** | The only way to get a payment. |
| **Exclude yourself** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit about the legal claims in this case. |
| **Object** | Write to the Court about why you don't like the settlement. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the settlement. |
| **Do Nothing** | Get no payment. Give up rights. |

Class Counsel has been the attorneys of the Partnership for Civil Justice Fund.

# CONTENTS

**BASIC INFORMATION** .................................................................................................................3
    1.    Why did I get this notice package?    3
    2.    What is this class action lawsuit about?    3
    3.    What is the status of the lawsuit?    3
    4.    Why is this a class action?    4
**WHO IS IN THE SETTLEMENT?** ................................................................................................4
    5.    How do I know if I am part of the settlement?    4
    6.    Are there exceptions to being included?    4
    7.    Is everyone who was arrested in connection with the Spring, 2000 protests in Washington, D.C. a Class Member?    4
    8.    I'm still not sure if I am included.    4
**THE SETTLEMENT BENEFITS – WHAT YOU GET** ..................................................................4
    9.    What does the settlement provide in terms of money?    4
    10.    How much will my payment be?    4
    11.    What does the settlement provide in terms of my arrest record? If I participate in the settlement, will the arrest be voided or nullified?    5
    12.    If I participate in the settlement, will I receive any documentation or "proof" that my arrest record has been cleared and my arrest been nullified?    5
    13.    If I participate in the settlement, will any existing arrest records be sealed or expunged?    5
    14.    What steps have been taken or will be required to be taken by the Settlement Agreement to prevent a recurrence or future unlawful mass arrest?    5
**HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM** ..................................................5
    15.    How can I get a payment?    5
    16.    How is it determined that I am an eligible class member?    6
    17.    When would I get my payment?    6
    18.    What am I giving up to get a payment or stay in the Class?    6
**EXCLUDING YOURSELF FROM THE SETTLEMENT** ..............................................................6
    19.    How do I exclude myself from the settlement?    6
    20.    If I don't exclude myself, can I later sue the MPD or other defendants for the same mass arrest?    7
**THE LAWYERS REPRESENTING YOU** ..................................................................................7
    21.    Do I have a lawyer in this case?    7
    22.    How will the lawyers be paid?    7
**OBJECTING TO THE SETTLEMENT** ......................................................................................7
    23.    How do I tell the Court that I object to the settlement?    7
    24.    What is the difference between objecting and excluding?    8
**THE COURT'S FAIRNESS HEARING** ......................................................................................8
    25.    When and where will the Court decide whether to approve the settlement?    8
    26.    Do I have to come to the hearing?    8
    27.    May I speak at the hearing?    8
**IF YOU DO NOTHING** ..............................................................................................................8
    28.    What happens if I do nothing at all?    8
**GETTING MORE INFORMATION** ...........................................................................................8
    29.    Are there more details about the settlement?    8
    30.    How do I get more information?    8

**BASIC INFORMATION**

### 1. Why did I get this notice package?

You may be identified in law enforcement or government records as having been subject to the mass arrest that is the focus of this class action settlement.

The Court has directed that you be sent this notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the settlement. If the Court approves it and after objections and appeals are resolved, if any arise at all, an administrator will make the payments that the settlement allows.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the District of Columbia, and the case is known as <u>Becker, et al. v. District of Columbia, et al.</u>, Case No. 01-CV-0811. The people who have sued are called the Plaintiffs and the persons and entities that have been sued are called the Defendants.

### 2. What is this class action lawsuit about?

The lawsuit asserts that the District of Columbia, the D.C. Metropolitan Police Department, former Chief of Police Charles H. Ramsey and former Assistance Executive Chief of Police Terrance W. Gainer engaged in the false arrest of a class of individuals in the vicinity of 20th Street between I and K Streets, NW, in Washington D.C. on the afternoon of Saturday, April 15, 2000.

Those arrested were engaged in, or in proximity to, a demonstration against the "Prison Industrial Complex" that had originated at the Department of Justice and then marched westward. A police line stopped the march at approximately 20th and K Streets, N.W. and another police line was placed behind a segment of the march at approximately 20th and I Streets, N.W. Persons were not allowed to leave the area within the police lines and were arrested. Those arrested included demonstrators, bystanders, tourists, journalists, legal observers and parents and their minor children.

The Class claims assert that the mass arrest on April 15, 2000 violated the Constitution of the United States, including the First and Fourth Amendment rights of those arrested. It is also asserted that the arrest violated Class Members' rights under District of Columbia law to be free of false arrest and that the arrest constituted false imprisonment under District of Columbia law.

Money damages, equitable relief (or rule/policy reform) including expungement of arrest records, and attorneys fees and costs have been sought against these defendants on behalf of the class. Additional claims have been advanced against federal defendants for equitable relief.

### 3. What is the status of the lawsuit?

The complaint in this matter was filed on April 13, 2001 and there has been ongoing and extensive litigation in the years since including scores of depositions and discovery and motions.

On February 2, 2008, Magistrate Judge John M. Facciola issued a report and recommendation to the presiding U.S. District Court Judge, the Honorable Paul L. Friedman. The Magistrate Judge recommended that Judge Friedman enter judgment in favor of the class ruling that the mass arrest was without probable cause, i.e., was a false arrest.

The defendants have submitted filings to Judge Friedman contending that the recommendation of the Magistrate Judge was in error. Class Counsel has submitted filings to Judge Friedman contending that the Magistrate Judge's report and recommendation that the mass arrest was a false arrest be affirmed and adopted. If the settlement is approved, there will be no further proceedings regarding this report.

The parties have engaged in settlement discussions which have resulted in the proposed Settlement Agreement that is the subject of this notice.

The defendants deny that they did anything wrong. The class representatives continue to assert that the mass arrest violated the constitutional and other rights of those arrested.

| 4. Why is this a class action? |
|---|

In a class action, one or more people called Class Representatives sue on behalf of people who have similar claims. In this case, fourteen individuals representing a broad cross section of persons who were arrested, have served as Class Representatives. They have been active participants in the litigation, on behalf of the class as a whole and have been subjected to discovery, depositions and other requirements of the lawsuit that has been active for over eight years. All other class members may share in the relief and recovery, if any, from the litigation without being active participants in the ongoing proceedings and litigation.

In a class action, one court resolves the issues for all Class Members, except for those who voluntarily exclude themselves or "opt out" from the Class.

U.S. District Court Judge Paul L. Friedman is in charge of this class action.

**WHO IS IN THE SETTLEMENT?**

To see if you will get money from this settlement, you first have to decide if you are a Class Member.

| 5. How do I know if I am part of the settlement? |
|---|

Judge Friedman decided that everyone who fits the following definition of the Class is a Class Member: *All persons who were detained and arrested on April 15, 2000 near the area of 20th Street, NW and I and K Streets, Washington D.C., in connection with the protest against the Prison Industrial Complex during the IMF/World Bank demonstrations.*

| 6. Are there exceptions to being included? |
|---|

If you fit the description, above, you are a Class Member.

| 7. Is everyone who was arrested in connection with the Spring, 2000 protests in Washington, D.C. a Class Member? |
|---|

No. Only if you fit the description, above, are you a Class Member.

Persons who were arrested, including on April 15, 2000, at locations other than near the area of 20th Street, N.W. and I and K Streets are not Class Members. Persons who were arrested on days other than Saturday, April 15, 2000 are not Class Members.

There were several hundred persons arrested on Monday, April 17, 2000 for crossing a symbolic police line near Pennsylvania Avenue and 20th Street, N.W., who voluntarily subjected themselves to arrest. The class definition does not include these April 17, 2000 arrests.

| 8. I'm still not sure if I am included. |
|---|

If you are still not sure whether you are included, you can ask for free help. You can call 1-800-000-0000 or visit www.BeckerSettlement.com for more information.

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

| 9. What does the settlement provide in terms of money? |
|---|

The District of Columbia has agreed to create a $9,180,000 fund to be distributed among all Class Members who send in a valid Proof of Claim, in accordance with the Settlement Agreement.

| 10. How much will my payment be? |
|---|

If it is determined that you are a Class Member, and you file a claim within the time set by the Court, you will be entitled to compensation from the Claimants Funds.

Your share of the fund will depend on the number of valid claim forms that Class Members send in, and is also subject to a maximum payment of $18,000 per Class Member. Here's how it works:

The fund has been set up within a framework that assumes a 75% participation rate of Class Members. The class size, or total number of people arrested, is 680.

Should the participation rate be equal or lower than 75% of the total class of 680 persons (i.e., 510 or fewer participating Claimants), each eligible Claimant shall be allocated and awarded a pro-rata share of the Claimants' Funds, subject to a maximum of $18,000. *Under nearly all such circumstances, this will result in a payment to each eligible Claimant of $18,000.*

Should the participation rate be higher than 75% of the total class of 680 persons (i.e., more than 510 participating Claimants), each eligible Claimant shall be allocated and awarded a pro-rata share of the Claimants' Funds. *This will result in a payment to each of some measure less than $18,000.*

In terms of monetary relief, in addition to the Claimants' Fund of $9,180,000, the settlement also provides for: $3,272,500 for Attorneys Fees and Costs Funds; $700,000 to be divided equally between the 14 Class Representatives who will receive more in the Settlement than other Class Members because of the role that they played in the litigation; and $150,000 for Notification and Administration Funds to be used by the Class Administrator to provide notification and distribution of funds to Class Members.

**11. What does the settlement provide in terms of my arrest record? If I participate in the settlement, will the arrest be voided or nullified?**

All persons who participate in the Settlement Agreement will have their arrests declared "null and void" by order of the United States District Court of the District of Columbia.

**12. If I participate in the settlement, will I receive any documentation or "proof" that my arrest record has been cleared and my arrest been nullified?**

Yes. Class Members who participate in the Settlement Agreement will receive a Court Order issued by United States District Court Judge Paul L. Friedman that will provide that "The arrest of [name, date of birth and social security number inserted here] on April 15, 2000 in the District of Columbia is hereby declared null and void."

**13. If I participate in the settlement, will any existing arrest records be sealed or expunged?**

Yes. For each Class Member who participates in the Settlement Agreement, the District of Columbia will request the expungement of each's April 15, 2000 arrest records in the possession of the District of Columbia government or courts and in the possession of the United States Government, including the Federal Bureau of Investigation and the Department of Homeland Security.

**14. What steps have been taken or will be required to be taken by the Settlement Agreement to prevent a recurrence or future unlawful mass arrest?**

During the course of this litigation as a consequence of the events of April, 2000 and complaints regarding other police conduct in the context of mass demonstrations, the Council of the District of Columbia undertook an extensive investigation and enacted new District of Columbia laws that impose restrictions on the Metropolitan Police Department in the context of mass demonstrations.

The First Amendment Rights and Police Standards Act of 2004 establishes restrictions on the use of police lines to surround First Amendment protected assemblies and protests, declares that the police may not arrest persons for demonstrating or parading without a permit, prohibits wrist-to-ankle restraints or flexcuffs in the context of certain mass demonstration arrests, requires police to provide an accurate written statement of options for release from police custody in the event of protest-related arrests, among other provisions to protect First Amendment rights.

The Settlement Agreement in this case would mandate that within 120 days following final settlement approval:

- every MPD officer be required to take training on lawful standard operating procedures in the context of First Amendment protected assemblies and mass demonstrations;
- every police officer assigned to mass demonstration related responsibilities be directed to the First Amendment Rights and Police Standards Act of 2004;
- the MPD make available to all persons inquiring regarding demonstration permits or related activities a copy of the their rights under the First Amendment Rights and Police Standards Act of 2004, the rules implementing that statute, and any forms pertaining to demonstration activities;
- when the MPD obtains the assistance of outside law enforcement agencies for demonstration related duties, that the MPD brief outside agency commanders of the District of Columbia law and standard operating procedures for protest activity and assign an MPD officer to each such outside agency.

**HOW TO GET A PAYMENT – SUBMITTING A CLAIM FORM**

**15. How can I get a payment?**

To qualify for payment you must submit a claim form. A Proof of Claim form is attached to this Notice. You may also get a claim form on the internet at www.BeckerSettlement.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it postmarked no later than **MAY 17, 2010.**

All claim forms must be completed and postmarked or received no later than **May 17, 2010**, but it is recommended that you complete and mail your Proof of Claim Form as soon as possible. **If you do not timely and properly submit your Proof of Claim Form, you will not receive any money** from the settlement.

### 16. How is it determined that I am an eligible class member?

Only persons who timely and properly submit a Proof of Claim Form will be considered.

The Class Administrator shall be the determinator of the class eligibility of Claimants, consistent with the class definition approved by the Court and the application of certain guidelines.

Claimants whose identity and arrest can be confirmed by reference to law enforcement or government records or documents will be deemed eligible.

The Class Administrator will be provided with law enforcement records, include arrest records, to facilitate this determination.

**You May submit with your Proof of Claim Form copies of any documents (not originals) or materials you have that show that you were subject to the April 15, 2000 mass arrest.**

In the event that a Claimant or arrestee is not accurately reflected in MPD or law enforcement records, the Class Administrator will review any government or law enforcement documents or records or items that have been submitted with the Proof of Claim Form or upon request.

Materials submitted by Claimants need not be strictly denominated as an "arrest record" in order to establish class qualification. For example, any of the following would be acceptable if they evidence identity and class membership: Citation Release forms, a Notice to Appear at a Court Hearing, a property receipt or bag, a "post and forfeit" form or record.

Additional procedures will be available for the Class Administrator to determine class eligibility in the absence of confirmation through law enforcement records.

### 17. When would I get my payment?

The Court will hold a hearing on June 30, 2010 to decide whether to approve the settlement. If Judge Friedman approves the settlement after that, there may be appeals.

If the Court approves the settlement at that hearing, and there are no objections or appeals that delay proceeding, we anticipate that each eligible Claimant will receive his or her award in the course of two payments. We anticipate that the first payment will issue towards the end of 2010 and will be no less than 50% of your total award. The second will issue within calendar year 2011.

Everyone who sends in an eligible claim form will be informed of the progress of the settlement.

We strongly recommend that you keep a copy of your Claim Form. You may want to send the form in by certified mail, return receipt requested, so its receipt can be verified, but you are not required to do so.

### 18. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the class, and that means that you can't sue, continue to sue, or be part of any lawsuit against the defendants about the legal issues in *this* case. It also means that all of the Court's orders will apply to you and legally bind you.

By effect of the proposed Settlement Agreement with the District of Columbia, in exchange for your receipt of money and other relief, you will release the District of Columbia and its MPD officers from any further claims.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue on your own and with your own attorney about the legal issues in this case, then you must take steps to get out. This is called excluding yourself or "opting out" of the class. The Court will exclude from the class any member who requests exclusion.

### 19. How do I exclude myself from the settlement?

To exclude yourself from the settlement, you must send a letter by mailing stating that you want to be excluded from Becker, et al. v. District of Columbia, et al. Be sure to include your name, current address, current telephone number, your address at the time of the arrest (to facilitate locating you in law enforcement records) and your signature.

You must mail your exclusion request postmarked no later than **May 17, 2010** to:

**Becker v. District of Columbia Settlement Administrator**
C/O Gilardi & Co. LLC
P.O. Box 8090
San Rafael, CA 94912-8090

If you ask to be excluded, you will not get any settlement payment and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue or continue to sue defendants in the future for claims related to the underlying arrest.

### 20. **If I don't exclude myself, can I later sue the MPD or other defendants for the same mass arrest?**

No. Unless you exclude yourself, you give up any rights to sue the defendants for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately. You must exclude yourself from this Class to continue your own lawsuit. Remember, the exclusion deadline is **May 17, 2010**.

## THE LAWYERS REPRESENTING YOU

### 21. **Do I have a lawyer in this case?**

The Court has certified the Partnership for Civil Justice Fund, including attorneys Carl Messineo and Mara Verheyden-Hilliard to represent the Class. These lawyers are called Class Counsel.

You will not be charged for these lawyers. You will not be asked to pay your own personal money for the services of these attorneys and their associates and staff in litigating this case and negotiating this settlement.

Only Class Counsel may act on behalf of the class. However, that does not prevent you from hiring your own lawyer to advise you personally about your rights, options or obligations as a Class Member in this lawsuit. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 22. **How will the lawyers be paid?**

The parties will ask the Court to approve payment to Class Counsel of $3,272,500 for the legal services and costs associated with bringing the class action. The fees would pay Class Counsel for all services rendered, from investigating the facts, litigating the case over the course of 8+ years, the conduct of scores of depositions, negotiating the settlement, and services performed in to facilitate the administration and distribution of funds (which will be handled primarily by the Class Administrator).

The amount of attorneys fees and costs will <u>not</u> come out of your compensation of up to $18,000, nor will it reduce the funds available for the Class Members.

The amount of attorneys fees and costs are set forth in the Settlement Agreement, and constitute a payment fund distinct from Claimants' Funds.

## OBJECTING TO THE SETTLEMENT

### 23. **How do I tell the Court that I object to the settlement?**

If you are a Class Member, you can object to the settlement agreement if you don't like any part of it. You can submit for the Court's consideration reasons why you think the Court should not approve it. To object, you must send a letter stating that you object to the proposed settlement agreement in <u>Becker, et al. v. District of Columbia, et al.</u> Be sure to include your name, address, telephone number, your signature, and the reasons why you object to the settlement.

The attorneys for the Class and for the defendants will be allowed to file with the Court a written response to any submitted objections.

If you wish to assert any objections, you are required to submit those to three different places postmarked by no later than **May 31, 2010:**

| To the Court | To Class Counsel | To Defense Counsel |
|---|---|---|
| Clerk's Office<br>United States District Court<br>   for the District of Columbia<br>333 Constitution Ave. N.W.<br>Washington, D.C. 20001 | Carl Messineo<br><u>Becker</u> Class Counsel<br>Partnership for Civil Justice<br>617 Florida Ave. N.W.<br>Washington, D.C. 20001 | Monique Pressley<br>Assistant Attorney General<br>Office of the Attorney General for<br>   the District of Columbia<br>441 4th Street, N.W. 6th Floor South<br>Washington, D.C. 20001 |

**24. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be a part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you don't have to.

**25. When and where will the Court decide whether to approve the settlement?**

The Court will hold a Fairness Hearing at **9:30 a.m.** on **Wednesday, June 30, 2010**, at the United States District Court for the District of Columbia, 333 Constitution Avenue, N.W., Washington, D.C. 20001 in the William B. Bryant Courthouse Annex, Courtroom 29A. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are any objections, the Court will consider them. Judge Friedman will also listen to any Class Members who ask to speak at the hearing. At or after the hearing, the Court will decide whether to approve the settlement.

**26. Do I have to come to the hearing?**

No. Class Counsel will respond to any questions that Judge Friedman may have. But, you are welcome to come at your own expense. If you send an objection, you don't have to come to the Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

**27. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter stating that it is your "Notice of Intent to Appear at Fairness Hearing in <u>Becker v. District of Columbia</u>." Be sure to include your name, address, telephone number and your signature. Your Notice of Intent to Appear must be postmarked no later than **May 31, 2010,** and be sent to the Clerk of the Court, Class Counsel and Defense Counsel at the three addresses set forth in question 23, above. You cannot speak at the hearing if you have excluded yourself or opted out of the Class.

## IF YOU DO NOTHING

**28. What happens if I do nothing at all?**

If you do nothing, your rights will be affected. You will be bound by the terms of the Settlement and you will be agreeing to a release of the claims that are contained in the Settlement Agreement. However, because you did not file a claim, you will not be entitled to any money from the settlement.

## GETTING MORE INFORMATION

**29. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Becker v. District of Columbia Settlement, c/o Gilardi & Co. LLC, PO Box 8060**,** San Rafael, CA 94912-8060; or by visiting www.BeckerSettlement.com.

**30. How do I get more information?**

You can call 1-800-000-0000 toll free; write to Becker v. District of Columbia Settlement, c/o Gilardi & Co. LLC, PO Box 8060**,** San Rafael, CA 94912-8060; or visit www.BeckerSettlement.com, where you will find answers to common questions about the settlement, a Proof of Claim Form, plus other information to help you determine whether you are a Class Member and eligible to receive money and participate in the Class Settlement Agreement.